UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY (#195469),
KENNETH WITHERSPOON,
WILLIAM JOHNSON (#239323),
SHANNON SEXTON (#197754) and
JAMES HOLLAND,

                                 CASE NO. 2:10-CV-11242
           Plaintiffs,         JUDGE DENISE PAGE HOOD
                                   MAGISTRATE JUDGE PAUL J. KOMIVES

v.

MACOMB COUNTY JAIL,
MARK A. HACKEL,
ARAMARK CORPORATION,
CORRECTIONAL MEDICAL SERVICES, INC.,
and VALERIE WATKINS,

                        Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT CMS'S
DECEMBER 27, 2010 MOTION TO DISMISS (Doc. Ent. 46) and PLAINTIFF SEARCY'S
JANUARY 6, 2011 MOTION TO CERTIFY CLASS (Doc. ENT. 47)**

**I.**    **RECOMMENDATION:**  The Court should deny the motion to dismiss (Doc. Ent. 46)

which has been filed by defendant Correctional Medical Services, Incorporated (CMS)) without

prejudice to renewal after plaintiffs are given an opportunity to file a more definite statement in the

form of an amended complaint which complies with Fed. Rules Civ. P. 8 and 10.

      Furthermore, the Court should deny without prejudice the motion to certify class (Doc. Ent.

47) which has been filed by plaintiff Searcy.

**II.**    **REPORT:**

A.    *Procedural Background*

1

1.      On March 29, 2010, plaintiffs Lavelle Searcy, Kenneth Witherspoon, William

Johnson, Shannon Sexton and James Holland filed a twelve-page complaint naming as defendants

the Macomb County Jail, Sheriff Mark A. Hackel and the Aramark Corporation.  Doc. Ent. 1 at 8.

On October 14, 2010 an order was entered adding Correctional Medical Services, Inc.(CMS) and

Medical Director/Supervisor Doe as  defendants.  Doc. Ent. 32.[1]  This order granted plaintiffs'

motion (Doc. Ent. 14) to amend their complaint and ordered the complaint attached to this motion

to be filed and thereby supercede the original complaint.

2.      The amended complaint begins with an "ACCOUNT OF INCIDENT," in which

plaintiffs state that on December 2, 2009, a notice was posted on the unit windows (D,E,F) on floors

10-11 of the Macomb County Jail informing the prisoners that beginning on December 4, 2009 the

general population would be receiving bagged lunches due to a problem in the kitchen.  These

bagged lunches would be provided for four days.  The problem in the kitchen would require some

repairs to be made.  The kitchen is operated by defendant Aramark Corporation.  Doc. Ent. 14 at 3.

3.      The complaint asserts that the true reason for the closing of the kitchen was the

presence of "Black Mold"  found where the prisoners' meals are prepared.  Doc. Ent. 14 at 3.  Page

two of the complaint contains a lengthy description of "Black Mold" and the possible health

problems that may result from its presence.  Doc. Ent. 14 at 4.  Page three of the complaint contains

a description of the bagged lunches that were served, allegedly for over a year.  Doc. Ent. 14 at 5.

On page four, plaintiffs allege that they "are seeing rapid weight gain, higher blood pressure,

constipation, inconsistent heart problems and headaches" as the only "known factors."  Doc. Ent.

---

[1]Plaintiff's September 23, 2010 filing provided address information for CMS and Medical
Director/Supervisor John Doe or Jane Doe.  Doc. Ent. 26.

14 at 6.  The balance of this paragraph contends that these problems are, in their view, associated with the presence of black mold and what they believe to be unhealthy meals.

       4.      The first  mention of CMS occurs on page four of the complaint.  Doc. Ent. 14 at 6. After alleging that CMS's services were deemed so poor that the MDOC (Michigan Department of Corrections) discontinued its contract with CMS, plaintiffs assert that they "refuse to utilize their services despite the possibility of present danger associated with <u>black mold</u>, especially since there is a $15.00 charge to see Dr. Bedia, and a $5 charge to see a nurse, and a $5 charge for prescriptions, and other charges for virtually very little medical services.  Plaintiffs then conclude their claim against CMS by alleging that CMS "failed to even make an attempt to educate [plaintiffs] in any manner, via notice, memorandum, open talk, on the possible side effects that this <u>black mold</u> may cause."  They were not provided with even "a simple pamphlet."

B.     *Pending Dispositive Motion*

       1.      On December 27, 2010, CMS filed a motion to dismiss for failure to state a claim upon which relief could be granted, citing Federal Rule of Civil Procedure 12(b)(6).  Doc. Ent. 46. CMS argues that plaintiffs have failed to set forth even a formulaic recitation of the elements of an Eighth Amendment cause of action against it.  The complaint, in the view of CMS, "does not allege policy, practice, or procedure of CMS and does not allege that [plaintiffs were] injured as the result of such a policy, practice, or procedure being executed.  The complaint merely alleges that plaintiffs were "given cold bagged lunches as opposed to the hot lunches that they normally received as the result of the development of black mold in the kitchen at the Macomb County Jail."  CMS argues that the complaint "does not allege an unconstitutional practice or policy of CMS, when the reliance occurred, who relied on the alleged unconstitutional policy, or that the reliance resulted in harm to

3

Plaintiffs."

Pursuant to Magistrate Judge Hluchaniuk's January 19, 2011 order, the deadline for plaintiff's response was set at March 7, 2011.  Doc. Ent. 56.

2.      On March 7, 2011, plaintiffs filed a response (Doc. Ent. 78) to the motion to dismiss, contending, in part, that they "were sick, in many unhealthy instances, however, received no treatment.  What we did receive was numerous conversations, no physicals or anything of that nature, on numerous subjects not associated with our medical problems."  Plaintiffs then assert that "health care (presumably CMS) was arrogant in their refusal to acknowledge these serious medical needs and concerns."  The response then continues with the following paragraph:

"Plaintiffs do not know what Black Mold is, nor what it might cause, immediately, or in the future tense. Further, Plaintiffs did not know what the itching, scratching, biting, rashes and array of other medical problems were, we incurred while in that jail, because we were never told. Defendants were so blatantly in disregard for our health, regarding the Black Mold and other visible conditions, that they did not even attempt to educate us or post any notice informing inmates of the possible dangers and/or what symptoms to look for or what to do in the event of further illness . Therefore, Plaintiffs told this Court, basically, what Defendants told us, or rather did not tell us. Moreover, even if this Court were told, the Court is in no more a position to diagnose medical problems than Plaintiffs were. All medical diagnoses and treatment should have been administered by the jails health care."  Doc. Ent. 78 at 2.

On page three of the response, plaintiffs argue that even assuming arguendo that Plaintiffs claims were too vague, "defendants are well aware of the nature of the claims against them:  their own disclosures are replete with Plaintiffs, and other jail inmates, medical kites, grievances, verbal

4

request, persistent questioning, request for answers, lack of treatment and various other symptoms, both medical and mental that were present and occurring in the jail (which will also be revealed in greater depth upon receipt of the Documents requested from defendants - Macomb County Jail)." Doc. Ent. 78 at 3.

On page four of the response, plaintiffs assert that they are alleging "that CMS 'effectuated a custom, policy and practice of INACTION with respect to, responding to, diagnosing of, and treating serious medical needs,' and that their policy of inaction directly and proximately caused the deprivation of their fundamental right under the Eighth and Fourteenth Amendments (including future medical needs)." Doc. Ent. 78 at 4.

Plaintiffs then allege that "defendants, health care, i.e. Jane/John Doe, who was in charge with implementing Correctional Medical Services customs and practices, carried out defendants Correctional Medical Services policy of INACTION by exhibiting [deliberate indifference/cruel and unusual punishment] to Plaintiffs serious and potential serious medical needs, immediate needs (medical services surrounding the exposure to Black Mold), and future medical needs associated with these medical needs." Doc. Ent. 78 at 4.

On page 5 of their response, plaintiffs assert that they "were never diagnosed, even though we remained both physically and mentally sick, nor do we have any idea how this Black Mold we were exposed to, along with the multitude of other hazards, are going to further affect us in the future. Correctional Medical Services & Jane/John Doe, did not warn us of the dangers, nor provide any medical assistance for the Plaintiffs and others who were sick, in any manner, and now is asking this Court to hold plaintiffs responsible for not being able to present detailed facts." Doc. Ent. 78

at 5.[2]

3.      On March 18, 2011, CMS filed a reply (Doc. Ent. 81) to plaintiffs' response.  CMS argues that plaintiffs do not address the allegations in their complaint and attempt to show how these allegations might pass muster under Rule 12(b)(6) but set forth new arguments on the ground that they did not have enough information available to them at the time they presented their (amended) complaint.  CMS contends that because the complaint, as posited in CMS's motion, is insufficient it should be dismissed.

4.      On March 28, 2011, plaintiff filed an affidavit (Doc. Ent. 83 at 1-2) concerning defendant CMS's dispositive motion.  Attached to plaintiff's affidavit is the Macomb County Jail Inmate Guide (Doc. Ent. 83 at 3-14), Page 3 of which describes "Health Care Services."[3]

*C.*    *Analysis and Conclusion*

**1.**    **The Court should deny without prejudice defendant CMS's motion to dismiss filed December 27, 2010 (Doc. Ent. 46).**

Upon consideration of CMS's dispositive motion (Doc. Ent. 46), Searcy's response (Doc. Ent. 78), CMS's reply (Doc. Ent. 81) and Searcy's affidavit (Doc. Ent. 83), the Court deny CMS's motion to dismiss (Doc. Ent. 46) without prejudice.  In so doing, the Court should permit plaintiffs to file a more definite statement - in the form of an amended complaint - which complies with Fed. Rules Civ. P. 8 and 10.

---

[2]On March 15, 2011, Magistrate Judge Hluchaniuk entered an order substituting Valerie Watkins for defendant Medical Director/Supervisor Doe. Doc. Ent. 80.  For whatever reason, Watkins has yet to appear in this case.

Currently before the Court is plaintiff's July 12, 2011 motion for default judgment against defendant Watkins.  Doc. Ent. 88; *see also* Doc. Ent. 90 (Proof of service).  This motion will be addressed under separate cover.

[3]On April 18, 2011, this case was reassigned from Magistrate Judge Hluchaniuk to me.

I arrive at this conclusion, because Searcy's response alleges that CMS had "a custom, policy and practice of INACTION[,]" with respect to medical treatment and that Watkins carried out a "policy of INACTION[,]" by exhibiting deliberate indifference to plaintiff's serious medical needs (Doc. Ent. 78 at 4) and his affidavit provides the Court with some detail on MCJ's "Health Care Services," claiming it "is the totality of CMS/Health Care's policy, procedure, practice and/or custom, that was provided to Plaintiffs[,]" (Doc. Ent. 83 ¶ 5). In other words, these documents attempt to provide a more definite statement with respect to defendant CMS, but, obviously, are not part of the complaint.

Therefore, plaintiffs should be given an opportunity to file a more definite statement in the form of an amended complaint, and this amended pleading may include the details provided in the responses and affidavit, to the extent necessary. Any order permitting plaintiffs an opportunity to file a more definite statement in the form of an amended complaint should include a deadline by which to do so and should place plaintiffs on notice that (1) this complaint, once filed, will supercede the previous complaint, E.D. Mich. LR 15.1; (2) this complaint must comply with the Federal Rules of Civil Procedure - especially Rules 8 and 10; (3) this complaint should specify against which defendants each of the violations are asserted and should describe the underlying actions which support the alleged violation; and (4) this complaint is subject to a Fed. R. Civ. P. 12(e) motion for more definite statement or a Fed. R. Civ. P. 12(b)(6) motion to dismiss pursuant to the standards recently discussed in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009).

**2.     The Court should deny without prejudice the motion to certify class filed January 6, 2011 (Doc. Ent. 47).**

On October 15, 2010, Magistrate Judge Hluchaniuk entered an order denying motions to certify class action (Doc. Entries 7, 13 and 30) as premature. Doc. Ent. 35. Therein, Magistrate

Judge Hluchaniuk stated:

> Plaintiffs recently were granted permission to amend the complaint and service of
> the amended complaint was ordered. (Dkt. 32, 34).  No defendants have yet been
> served or have appeared in this action.  Given these circumstances, any motion for
> potential class certification and the provision of notice of any class action is
> premature. Plaintiffs' motions are, therefore, DENIED without prejudice, until such
> time as all defendants have been served, have appeared, and are in a position to
> respond to motions pertaining to class certification.

Doc. Ent. 35 at 2-3.

Currently before the Court is Searcy's January 6, 2011 motion for class action certification

Doc. Ent. 47; see also Doc. Ent. 62 (Certificate of Service).  Magistrate Judge Hluchaniuk set the

response deadline for January 31, 2011.  Doc. Ent. 57.  Aramark filed a response on January 31,

2011 (Doc. Ent. 64), regarding which Macomb County Jail and Hackel filed a concurrence the same

day (Doc. Ent. 65).  Also on January 31, 2011, CMS filed a response.  Doc. Ent. 66.  Searcy filed

a reply on February 14, 2011.  Doc. Ent. 71.  Searcy filed another response on March 3, 2011.  Doc.

Ent. 76.[4]

Of the five (5) defendants in this case, only four (4) - Macomb County Jail, Hackel, Aramark

and CMS - have appeared.  As suggested above, it is not clear whether service upon Watkins has

been properly effected, an issue which will be confronted when the Court addresses plaintiff's July

12, 2011 motion for default judgment (Doc. Ent. 88).  Therefore, the Court should, as did Magistrate

Judge Hluchaniuk, deny the January 6, 2011 motion to certify class (Doc. Ent. 47) without prejudice,

---

[4]It appears that plaintiff Holland is no longer incarcerated at the Macomb County Jail, as several
items sent to him at MCJ have been returned as undeliverable.  *See* Doc. Entries 68 and 85.  According
to defense counsel Meyerand, Witherspoon is MDOC Inmate #713949.  Doc. Ent. 63.  If that is the
case, Witherspoon is currently incarcerated at Bellamy Creek Correctional Facility (IBC).  This is not
the address currently listed on the docket for Witherspoon.  Perhaps that is the reason the Court's notice
regarding the April 18, 2011 reassignment of Magistrate Judges was returned to the Court on May 5,
2011 as undeliverable.  Doc. Ent. 86.

until such a time as all defendants have been served, have appeared, and are in a position to respond to motions pertaining to class certification.

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:  August 12, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 12, 2011.

9

s/Susan Jefferson
Deputy Clerk