UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE W. SEARCY, et al.,

        Plaintiffs,

                                        CASE NO. 2:10-CV-11242-DT
   v.                               JUDGE DENISE PAGE HOOD
                                        MAGISTRATE JUDGE PAUL KOMIVES

MACOMB COUNTY JAIL, et al.,

        Defendants.

                                   /

## REPORT AND RECOMMENDATION ON PLAINTIFF SEARCY'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT VALERIE WATKINS (docket #88)

I.     RECOMMENDATION: The Court should deny plaintiff Searcy's motion for default judgment against defendant Valerie Watkins

II.    REPORT:

A.    *Procedural Background*

        Plaintiffs, five current or former inmates at the Macomb County Jail, commenced this action on March 29, 2010, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiffs filed an amended complaint on July 28, 2010. Generally, plaintiffs allege that the kitchen at the Jail was closed due to the presence of black mold, to which they were exposed. They also allege that they were forced to eat bagged meals for over a year, which caused various health problems, and that they received inadequate medical attention. The amended complaint is captioned as being brought against "Macomb County Jail, Sheriff Mark A. Hackel, and Aramak Corporation, et al.," but does not separately list the defendants. On September 23, 2010, plaintiffs submitted a notice of address information for defendants, which included address information for the three named defendants as

well as for Correctional Medical Services (CMS) and CMS Medical Supervisor John/Jane Doe.  In

his October 14, 2010, Order granting plaintiffs leave to amend and construing their motion to amend

as the amended complaint, Magistrate Judge Hluchaniuk[1] also ordered that CMS and the Medical

Supervisor be added as defendants.

On February 14, 2011, Magistrate Judge Hluchaniuk entered an Order requiring plaintiffs

to identify by name the Doe defendant and provide address information for proper service.  On

February 24, 2011, plaintiff Searcy filed a response to this Order, identifying Valerie Watkins, Pam

Denise, and Dr. Maureen Oneigbo, and providing as their address the address for the Macomb

County Jail.  On March 15, 2011, Magistrate Judge Hluchaniuk entered an Order substituting

Watkins in place of the Doe defendant, and directing the Marshal to serve on her a copy of the

amended complaint and waiver of service of summons.[2]  The docket reflects that on April 7, 2011,

the Marshal mailed the complaint and an acknowledgment of waiver of service to Watkins.  On June

15, 2011, the Clerk noted that the Court had received no response and that the waiver of service was

not returned to the Marshal.  *See* Docket, text only docket entries dated 4/7/11 and 6/15/11.

The matter is currently before the Court on plaintiff Searcy's motion for default judgment

with respect to Watkins, filed on July 12, 2011.  Plaintiff filed an affidavit in support of the motion

on September 2, 2011.  For the reasons that follow, the Court should deny the motion.

B.      *Analysis*

Plaintiff Searcy contends that a default judgment is appropriate because defendant Watkins

---

[1]The matter was reassigned to me on April 18, 2011.

[2]The Order also concluded that because the amended complaint named only one Doe defendant, plaintiffs could not also add Denise or Dr. Oneigbo without seeking leave to amend their complaint.

"fail[ed] to respond and acknowledge the Court Summons and Complaint forwarded to Defendant by the U.S. Marshals on April 07, 2011."  The Court should disagree, for two reasons.

First, a default judgment is not available based on a defendant's failure to respond to the complaint where, as here, the plaintiff is a prisoner seeking relief under § 1983.  In part, the Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act to provide that "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." 42 U.S.C. § 1997e(g)(1).  Further, under this provision "[n]o relief shall be granted to the plaintiff unless a reply has been filed."  *Id.*  As the Supreme Court has explained, pursuant to this provision "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint."  *Jones v. Bock*, 549 U.S. 199, 213-14 (2007).  Thus, where a defendant has failed to respond to a civil rights complaint brought by a prisoner, the Court's sole power is to order the defendant to file a reply.  *See* 42 U.S.C. § 1997e(g)(2). However, under the plain terms of subsection (1) the Court may not afford plaintiff any relief, including a default judgment, until after a reply has been filed.  In other words, "[u]nder the explicit language of § 1997e(g)(1), prisoner plaintiffs filing suits under § 1983 are not entitled to entry of default judgment against a defendant who has been properly served, but nevertheless has not filed any reply."  *Lafountain v. Martin*, No. 1:07-cv-76, 2009 WL 4729933, at *4 (W.D. Mich. Dec. 3, 2009) (citing cases); *see also*, *Young v. Brown*, 328 Fed. Appx. 534, 535 (9th Cir. 2009); *Friske v. Scutt*, No. 07-CV-13747, 2008 WL 2705505, at *1 (E.D. Mich. July 10, 2008) (Rosen, J., adopting report of Hluchaniuk, M.J.); *Olmstead v. Balcarecel*, No. 06-CV-14881, 2007 WL

2121937, at *3 (E.D. Mich. July 24, 2007) (Steeh, J., adopting report of Pepe, M.J.).

Further, even if default judgment were otherwise available to a prisoner such as plaintiff, plaintiff is not entitled to a default judgment here because the defendants did not fail to plead or otherwise defend the suit. Rule 55 allows a court to enter judgment against a defendant where the defendant has failed to plead or otherwise defend the claims pursuant to the Federal Rules. FED. R. CIV. P. 55(b)(2). "Trials on the merits are favored in the federal courts[.]" *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). Accordingly, the Sixth Circuit has noted that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Although Rule 12(b)(1) requires a defendant to file a responsive pleading, "[b]efore a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Thus, "[o]nly a court that has jurisdiction over the defendant may require that the defendant state its substantive position in the litigation." *Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995). Further, actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown. *See Mid-Continental Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). "Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.2 (D. Kan. 2008); *see also*, *Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 (D.D.C. 2007); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006).

Here, the record does not reflect that defendant Watkins has been properly served. Where a waiver of service has not been executed, service must be accomplished in accordance with Rule

4(e), which provides that a defendant may be served by:

>        (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>        (2) doing any of the following:
>        (A) delivering a copy of the summons and of the complaint to the individual personally;
>        (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>        (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).  Here, the record reflects only that the Marshal mailed a copy of the complaint and summons, along with a form for waiving service.  This does not satisfy any of the provisions for service set forth in Rule 4(e)(2), because the methods of service set forth in Rule 4(e)(2) do not permit service by mail.  *See Dortch v. First Fidelity Mortgage Co. of Mich., Inc.*, 8 Fed. Appx. 542, 546 (6th Cir. 2001); *Bowers v. Janey*, 468 F. Supp. 2d 102, 107 (D.D.C. 2006); *Staudte v. Abrahams*, 172 F.R.D. 155, 156 (E.D. Pa. 1997).  Thus, petitioner's attempted service was proper only if, under Rule 4(e)(1), Michigan law allows for service by mail.

Under Michigan law, service on an individual may indeed be accomplished by mail.  The relevant court rule, however, provides the procedures that must be followed to accomplish service by mail.  Specifically, the rule provides that service may be accomplished by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)." MICH. CT. R. 2.105(A)(2).  By the plain language of the rule, service by mail is appropriate only if the summons and complaint (1) are sent by registered or certified mail; (2) a return receipt is requested; and (3) delivery is restricted the defendant being served.  Further, where

a defendant does "not acknowledge receipt of the registered mail containing the summons and complaint, he [has not been] properly served as contemplated by MCR 2.105(A)(2)." *Jacobs v. George*, No. 276256, 2008 WL 4605915, at *3 (Oct. 9, 2008). Here, the record does not reflect that the Marshal sent a copy of the summons and complaint by registered or certified mail, with return receipt requested and delivery restricted to defendant Watkins. Further, the record contains no acknowledgment of receipt signed by defendant Watkins. In these circumstances, the record does not support the conclusion that there was a proper service by mail under MICH. CT. R. 2.105(A)(2), and therefore there has been no proper service under Rule 4(e)(1). *See Dortch*, 8 Fed. Appx. at 546; *Meier v. Green*, No. 07-CV-11410, 2007 WL 1725383, at *2 (E.D. Mich. June 14, 2007) (Cleland, J.); *Berger v. King World Productions, Inc.*, 732 F. Supp. 766, 769 (E.D. Mich. 1990) (Hackett, J.). Because it appears that defendant Watkins has not yet been properly served in accordance with Rule 4(e) or waived service in accordance with Rule 4(d), she is not in default, and thus entry of a default judgment is not appropriate. *See Meier*, 2007 WL 1725383, at *3 & n.2.

C.     *Conclusion*

Because a default judgment is not permitted against defendant Watkins under the PLRA, and because in any event she has not been properly served and is therefore not in default, the Court should deny plaintiff Searcy's motion for default judgment.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 9/12/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on September 12,  2011.

s/Eddrey Butts
Case Manager

7