UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE W. SEARCY, et al.,

       Plaintiffs,

              CASE NO. 2:10-CV-11242-DT
   v.                     JUDGE DENISE PAGE HOOD
                           MAGISTRATE JUDGE PAUL KOMIVES

MACOMB COUNTY JAIL, et al.,

       Defendants.

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF SEARCY'S MOTION TO PROCEED IN FORMA PAUPERIS AND REQUEST FOR TRANSMISSION OF THE ENTIRE RECORD (docket #125)

I.    <u>RECOMMENDATION</u>: The Court should deny plaintiff Searcy's motion to proceed *in forma pauperis* and request for transmission of the entire record.

II.    <u>REPORT</u>:

A.    *Procedural Background*

       Plaintiffs, five current or former inmates at the Macomb County Jail, commenced this action on March 29, 2010, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiffs filed an amended complaint on July 28, 2010.  Generally, plaintiffs allege that the kitchen at the Jail was closed due to the presence of black mold, to which they were exposed.  They also allege that they were forced to eat bagged meals for over a year, which caused various health problems, and that they received inadequate medical attention.  The amended complaint is captioned as being brought against "Macomb County Jail, Sheriff Mark A. Hackel, and Aramak Corporation, et al.," but does not separately list the defendants.  On September 23, 2010, plaintiffs submitted a notice of address information for defendants, which included address information for the three named defendants as well as for Correctional Medical Services (CMS) and CMS Medical Supervisor John/Jane Doe.  In

his October 14, 2010, Order granting plaintiffs leave to amend and construing their motion to amend as the amended complaint, Magistrate Judge Hluchaniuk[1] also ordered that CMS and the Medical Supervisor be added as defendants.

On February 14, 2011, Magistrate Judge Hluchaniuk entered an Order requiring plaintiffs to identify by name the Doe defendant and provide address information for proper service.  On February 24, 2011, plaintiff Searcy filed a response to this Order, identifying Valerie Watkins, Pam Denise, and Dr. Maureen Oneigbo, and providing as their address the address for the Macomb County Jail.  On March 15, 2011, Magistrate Judge Hluchaniuk entered an Order substituting Watkins in place of the Doe defendant, and directing the Marshal to serve on her a copy of the amended complaint and waiver of service of summons.[2]  The docket reflects that on April 7, 2011, the Marshal mailed the complaint and an acknowledgment of waiver of service to Watkins.  On June 15, 2011, the Clerk noted that the Court had received no response and that the waiver of service was not returned to the Marshal.  *See* Docket, text only docket entries dated 4/7/11 and 6/15/11.

On August 12, 2011, I filed a Report recommending that the Court deny both plaintiffs' motion for class certification and defendant CMS's motion to dismiss, and that the Court grant plaintiffs leave to file an amended complaint.  As to plaintiffs' motion, I recommended that the Court deny the motion without prejudice as premature, because all defendants had not yet been served and in a position to respond to the request.  The Court entered an Order adopting my Report on September 20, 2011.  On October 20, 2011, plaintiff filed a Notice of Appeal, listing the Court's September 20,

---

[1]The matter was reassigned to me on April 18, 2011.

[2]The Order also concluded that because the amended complaint named only one Doe defendant, plaintiffs could not also add Denise or Dr. Oneigbo without seeking leave to amend their complaint.

2011, order as the matter being appealed to the Sixth Circuit.  On November 10, 2011, plaintiff filed

this motion to proceed *in forma pauperis* (IFP) on appeal.  For the reasons that follow, the Court

should deny plaintiff's motion.[3]

B.    *Analysis*

With an exception not applicable here, "a party to a district-court action who desires to appeal

in forma pauperis must file a motion in the district court."  FED. R. APP. P. 24(a)(1).  To be entitled

to IFP status, "[t]he party must attach an affidavit that: (A) shows in the detail prescribed by Form 4

of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims

an entitlement to redress; and (C) states the issues that the party intends to present on appeal."  *Id.*

Pauper status does not require a showing that the appellant is "absolutely destitute."  *Adkins v. E.I.*

*du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948).  Rather, the "central question is whether

a party can afford court costs without undue hardship."  *United States v. Slater*, 96 F.R.D. 53, 54 (D.

Del. 1982).  In addition to the requirements of Rule 24(a)(1), a court must deny IFP status on appeal

if the court "certifies in writing that [the appeal] is not taken in good faith."  28 U.S.C. § 1915(a)(3).

"Good faith" under § 1915(a)(3) is an objective standard.  It does not require that the applicant show

any degree of merit, beyond showing that the claims on appeal are not frivolous.  *See Coppedge v.*

*United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 675 (1958) (per

---

[3]The Sixth Circuit has held that the denial of an application to proceed IFP "is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority."  *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990); *see also*, *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  Thus, "[a] district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order.  If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action."  *Woods*, 894 F.2d at 188.  This rule applies equally to application for IFP status on appeal.  *See Donaldson v. Ducote*, 373 F.3d 622, 624-24 (5th Cir. 2004); *Johnson v. Motley*, No. 6:07-351, 2008 WL 4821720, at *5 (E.D. Ky. Nov. 3, 2008).  Because I believe the motion should be denied, I submit this recommendation in lieu of determining the matter myself.

curiam); *cf. Willis v. Campbell*, 102 Fed. Appx. 481, 481 (6th Cir. 2004).  In other words, the phrase "not taken in good faith" as used in § 1915(a)(3) is "a synonym for frivolousness."  *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).  Regardless of whether based on a finding of lack of indigency or a lack of good faith, a court denying IFP status on appeal must set forth its reasons in writing.  *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(2).

Here, plaintiff has failed to establish indigency or that an appeal would be taken in good faith.  With respect to indigency, plaintiff has provided a certificate from the prison in which he is incarcerated indicating that his prison account had a current spendable account balance (as of November 7, 2011) of $0.00, an amount insufficient to satisfy the $455.00 appellate filing fee.  *See* Judicial Conference Schedule of Fees, Court of Appeals Miscellaneous Fee Schedule, 28 U.S.C. § 1913.  However, plaintiff has failed to provide an affidavit containing the information required by Form 4 which establishes his indigency.  This Form requires a party seeking IFP status to provide detailed information on current income, cash, assets, debts, and expenses.  *See* FED. R. APP. P., Appendix, Form 4.  Nor has plaintiff filed an affidavit setting forth the issues he intends to present on appeal, as required by Rule 24.  Thus, plaintiff is not entitled to IFP status under Rule 24(a)(1).

Nor can plaintiff show that any appeal would be taken in good faith, because an appeal of the Court's denial of his motion for class certification would be frivolous, for several reasons.  First, plaintiff's notice of appeal was not timely.  Generally, the courts of appeals have jurisdiction over final decisions of district courts, *see* 28 U.S.C. § 1291, and over interlocutory decisions under certain circumstances, *see* 28 U.S.C. § 1292.  The Court's Order denying plaintiffs' motion for class certification without prejudice was not a final order, nor was it the type of order for which interlocutory appeal is appropriate.  *See Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 480-81 (1978); *Dealer Comp. Servs., Inc. v. Dub Herring Ford*, 623 F.3d 348, 352-53 (6th Cir. 2010)

4

(citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469-70 (1978)).  Section 1292 does provide that "[t]he Supreme Court may prescribe rules . . . to provide for an appeal of an interlocutory decision to the courts of appeals that is not otherwise provided for under [section 1292]." 28 U.S.C. § 1292(e). Pursuant to this power, the Supreme Court amended Rule 23 in 1998 to provide that "[a] court of appeals may permit an appeal from an order granting or denying class certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered." FED. R. CIV. P. 23(f).  Here, however, plaintiff Searcy did not file a petition with the circuit clerk within 14 days of the Court's Order.  Rather, he filed a notice of appeal 30 days after the Order. The 14-day time limit in Rule 23(f) is "strict and mandatory," *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 193 n.5 (3d Cir. 2008); *see also*, *Coco v. Incorporated Village of Belle Terre, N.Y.*, 448 F.3d 490, 491-92 (2d Cir. 2006), and plaintiff Searcy's failure to comply with this provision renders any attempted appeal frivolous.

Further, any attempt to invoke the Court of Appeals's discretion to appeal the decision under Rule 23(f) would be frivolous.  As the Sixth Circuit has explained, "a court of appeals has broad discretion to grant or deny a Rule 23(f) petition, and any pertinent factor may be weighed in the exercise of that discretion."  *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002); *see also*, FED. R. CIV. P. 23(f), 1998 Advisory Committee Notes ("The court of appeals is given unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari.").  Nevertheless, the court cautioned, "the Rule 23(f) appeal is never to be routine." *Delta Air Lines*, 310 F.3d at 959.  Circumstances supporting the granting of an appeal under Rule 23(f) include where the class certification decision effectively decides the case or forecloses an avenue of relief, the class certification decision raises novel or unsettled questions, and a strong likelihood of success in overturning the class certification decision. *See id*. at 960.  On the contrary,

"an indication that the district court will reexamine the certification decision . . . should discourage an interlocutory appeal." *Id.* Here, these factors all support the conclusion that the Sixth Circuit would decline to grant an interlocutory appeal of the certification decision. The Court's decision does not preclude any avenues of relief or claims asserted by plaintiffs, and does not involve any novel or unsettled questions of law. Further, and most importantly, the Court's decision was based solely on the fact that the request was premature before all the defendants had been served, and the denial of the motion was without prejudice to reexamination after service had been accomplished. In these circumstances, any attempt to persuade the Sixth Circuit to permit an interlocutory appeal under Rule 23(f) would be frivolous.

Finally, the underlying merits of plaintiff Searcy's appeal are frivolous. Although the Court did not reach the merits of plaintiffs' motion in finding it premature, plaintiffs' request to prosecute the case as a class action is frivolous as the case currently stands. Amongst other requirements, to establish that a class action is appropriate the named plaintiffs, as the "representative parties," must show that they "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). As the Sixth Circuit has explained, to establish adequacy of representation under Rule 23(a)(4), both common interests must exist between the named plaintiffs and the purported class members, and "it must appear that the representative will vigorously prosecute the interests of the class *through qualified counsel*." *American Med. Sys.*, 75 F.3d at 1083 (internal quotation omitted). Thus, a court considering class certification must take into account "the experience and ability of counsel for the plaintiffs." *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977); *cf. General Tel.*, 457 U.S. at 157 n.13. Here, plaintiffs are proceeding *pro se* and are not represented by counsel. It is well established that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others. This is because the competence of a layman is clearly too limited to allow

6

him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation omitted). For this reason, "non-attorneys proceeding *pro se* cannot adequately represent a class." *Ziegler v. Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004); *accord Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir. 2001); *Fymbo*, 213 F.3d at 1321; *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Sillah v. Davis*, 252 F. Supp. 2d 589, 597 (W.D. Tenn. 2003). Thus, the named *pro se* plaintiffs fail to satisfy the adequacy of representation requirement of Rule 23(a)(4), and they may not maintain a class action on behalf of other prisoners.

Nor does the Court have any authority to appoint counsel for plaintiffs so that they may maintain a class action. A civil litigant has no constitutional or statutory right to the appointment of counsel. *See Abdur-Rahmam v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). Pursuant to the *in forma pauperis* statute, the court "may *request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). A court's authority under this provision, however, is limited to assisting a civil litigant in obtaining pro bono counsel; a court has no authority to compel or otherwise appoint counsel to represent any civil party. *See Mallard v. United States Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-02, 310 (1989). A court should not request counsel for an indigent litigant as a matter of course, but should reserve such requests for cases involving "exceptional circumstances." In making this determination, a court should consider the probable merit of the claims, the nature of the case, the complexity of the legal and factual issues raised, and the ability of the litigant to represent himself. *See Lince v. Youngert*, 136 Fed. Appx. 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Here, plaintiffs' complaint presents straightforward legal claims. Thus, assistance in securing *pro bono* counsel is not appropriate. Further, even if such assistance were appropriate, at this point plaintiffs do not have counsel and it cannot be determined with any degree of certainty whether the Court would be able to

7

secure *pro bono* counsel to represent plaintiffs.  Thus at this time plaintiffs fail to satisfy Rule 23, even if they may be able to do so in the future.

Further, Rule 23 does not provide any basis for the appointment of counsel in this purported class action.  To be sure, Rule 23 requires the appointment of a class counsel, and provides the procedures for such an appointment once a class has been certified.  *See* FED. R. CIV. P. 23(b)(1)(B), (g).  These provisions, however, do not authorize the appointment of an attorney to represent an indigent plaintiff seeking to certify a class.  Rather, they merely provide for the appointment of a single attorney (or group of attorneys) to function as class counsel, drawn from the pool of attorneys already involved in the litigation.  *See, e.g.*, FED. R. CIV. P. 23(g)(2) (speaking of "applicant[s] for appointment as class counsel"); *id.*, Advisory Committee Notes, 2003 Amendments ("[I]n a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment.").  Thus, this Court has no authority to "appoint" counsel to represent plaintiff so that he may pursue his claims as a class action.  Accordingly, the Court should deny plaintiffs' motion for class certification.  Thus, the underlying merit of plaintiffs' request for class certification is not disputable, and any appeal would be frivolous.

C.     *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff Searcy has failed to show either that he is indigent in the manner prescribed by Federal Rule of Appellate Procedure 24 or that any appeal of the Court's Order denying, without prejudice, plaintiffs' motion for class certification would be taken in good faith.  Accordingly, the Court should deny plaintiff Searcy's motion to proceed IFP on appeal.

III.     <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/31/12

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on January 31, 2012.

s/Eddrey Butts
Case Manager