UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY (#195469),
KENNETH WITHERSPOON (#713949),       CASE NO. 2:10-CV-11242
WILLIAM JOHNSON (#239323),           JUDGE DENISE PAGE HOOD
SHANNON SEXTON (#197754) and         MAGISTRATE JUDGE PAUL J. KOMIVES
JAMES HOLLAND,

                    Plaintiffs,
v.

MACOMB COUNTY JAIL,
MARK A. HACKEL,
ARAMARK CORPORATION,
CORRECTIONAL MEDICAL SERVICES, INC.
and MEDICAL DIRECTOR/SUPERVISOR DOE,

                    Defendants,
                                            /

**ORDER GRANTING IN PART PLAINTIFF SEARCY'S MOTION TO STAY
PROCEEDINGS AND PROVIDE PLAINTIFFS WITH INSTRUCTIONS ON HOW TO
PROCEED (Doc. Ent. 129)**

**A.     Background**

On March 29, 2010, apparently while incarcerated at the Macomb County Jail (MCJ),

plaintiffs Searcy, Sexton, Witherspoon, Johnson and Holland filed this case pro se against

defendants MCJ, Mark A. Hackel and Aramark Corporation.  Doc. Ent. 1.  The complaint is

signed by all five (5) plaintiffs.  Doc. Ent. 1 at 8.

On July 28, 2010, plaintiff Searcy filed a motion to amend the complaint (Doc. Ent. 14 at

1-2), to which he attached a proposed amended complaint (Doc. Ent. 14 at 3-9).  Searcy signed it

"on behalf of all plaintiff[s][.]"  Doc. Ent. 14 at 9.[1]

_____

[1]Attached to this filing are the Court's April 7, 2010 orders (Doc. Ent. 14 at 10-11 [Doc.
Entries 5 and 6]) and portions of the original complaint (Doc. Ent. 14 at 12-17 [Doc. Ent. 1]).

By way of Magistrate Judge Hluchaniuk's October 14, 2010 order (Doc. Ent. 32), plaintiffs' July 28, 2010 motion to amend complaint (Doc. Ent. 14) is to be treated as the amended complaint and Correctional Medical Services, Inc. (CMS) and Medical Director/Supervisor Doe became defendants in this case. *See* Doc. Ent. 32 at 2, Doc. Ent. 26.[2]

On March 15, 2011, Magistrate Judge Hluchaniuk filed an order substituting Valerie Watkins for Medical Director/Supervisor Doe.  Doc. Ent. 80.

**B.      Previous Rulings**

On December 27, 2010, defendant CMS filed a motion to dismiss (Doc. Ent. 46).  On July 12, 2011, plaintiff Searcy filed a motion for entry of default judgment against defendant Watkins (Doc. Ent. 88).  Thereafter, I entered three (3) reports and recommendations in this case. *See* Doc. Entries 94 (August 12, 2011), 100 (September 12, 2011) and 130 (January 31, 2012).

On September 20, 2011, Judge Hood entered an order (Doc. Ent. 103) accepting and adopting my report and recommendation (Doc. Ent. 94)[3] and denying without prejudice defendant CMS's motion to dismiss (Doc. Ent. 46) and plaintiff Searcy's motion to certify class (Doc. Ent. 47).  Among other things, Judge Hood stated, "Plaintiff must file an amended complaint within twenty-one (21) days of the date of this Order."  Doc. Ent. 103 at 3.

---

[2]Plaintiff Searcy's September 23, 2010 filing provides address information for several defendants, including Correctional Medical Services (CMS) and Medical Director/Supervisor John Doe or Jane Doe.  Doc. Ent. 26.

[3]In part, my August 12, 2011 report (Doc. Ent. 94 at 1) recommended that the Court deny the motion to dismiss (Doc. Ent. 46) which had been filed by defendant Correctional Medical Services, Incorporated (CMS)) without prejudice to renewal after plaintiffs are given an opportunity to file a more definite statement in the form of an amended complaint which complies with Fed. Rules Civ. P. 8 and 10.

On October 20, 2011, plaintiff Searcy filed a notice of appeal (Doc. Ent. 119) of the

Court's September 20, 2011 order (Doc. Ent. 103). *See also* Doc. Ent. 120 (Clerk of the Court's

Oct. 24, 2011 Certificate of Service). On November 10, 2011, plaintiff Searcy filed an

application to proceed in forma pauperis on appeal (Doc. Ent. 125) and a request for

transmission of the entire record (Doc. Ent. 126).

However, on April 5, 2012, the Sixth Circuit dismissed plaintiff's appeal for lack of

jurisdiction. Doc. Ent. 138 (6th Cir. Case No. 11-2340).

On April 12, 2012, Judge Hood entered an order (Doc. Ent. 139) accepting and adopting

my reports and recommendations (Doc. Entries 100 and 130); denying plaintiff Searcy's motion

for default judgment against defendant Valerie Watkins (Doc. Ent. 88); denying plaintiff

Searcy's request for motion for extension of time to file objection to magistrate's report and

recommendation (Doc. Ent. 136); and deeming moot plaintiff's motion to proceed in forma

pauperis on appeal and request for transmission of the entire record (Doc. Ent. 125; *see also*

Doc. Ent. 126).

**C.     Pending Motions**

**1.**     On September 20, 2011, defendant Watkins filed a Fed. R. Civ. P. 12(b)(6) motion to

dismiss. Doc. Ent. 102. Plaintiff Searcy filed a response on September 27, 2011. Doc. Ent. 104.

On October 6, 2011, defendant Watkins filed a reply. Doc. Ent. 111. Plaintiff Searcy filed a sur-

reply on October 13, 2011. Doc. Ent. 115.[4]

---

[4]On October 20, 2011, defendant Watkins filed a motion (Doc. Ent. 117) to strike plaintiff's
impermissible sur-reply (Doc. Ent. 115). Plaintiff filed a response (Doc. Ent. 123), and defendant
Watkins filed a reply (Doc. Ent. 124). By an order entered May 22, 2012, the motion (Doc. Ent.
117) to strike the sur-reply (Doc. Ent. 115) was denied. *See* Doc. Ent. 144.

**2.**      On December 2, 2011, plaintiff Searcy filed a motion (Doc. Ent. 129) to stay proceedings

and provide plaintiffs with instructions on how to proceed.

**D.      Discussion**

**1.      The notices of change of address/contact information sent to this Court have not
always been properly recorded in this case.**

At the March 29, 2010 inception of this lawsuit, plaintiff Searcy was incarcerated at the

Macomb County Jail (MCJ).  During the infancy of this case, the Court entered its August 5,

2010 notice regarding the parties' responsibility to notify the Court of an address change (Doc.

Ent. 15), which directs that such notices contain the case number.

Plaintiff Searcy has heeded this direction by filing several notices of change of

address/contact information on his own behalf over the course of this lawsuit.  *See* Doc. Entries 4

[April 5, 2010, from MCJ to Charles Egeler Reception & Guidance Center (RGC)], 10 [May 20,

2010, from RGC to Pugsley Correctional Facility (MPF)], 11 [July 19, 2010, from MPF to

Florence Crane Correctional Facility (ACF)], 122 [October 24, 2011, to Ionia Correctional

Facility (ICF)], 131 [February 3, 2012, to Macomb Correctional Facility (MRF)], 132 [February

3, 2012 to MRF];[5] and 137 [March 1, 2012, to 6902 Chicago Road, Warren, Michigan 48091].[6]

For whatever reason, there have been two (2) instances in which plaintiff Searcy's

notices of change in address/contact information were not docketed in the instant case (Case No.

---

[5]Within this document, plaintiff claims to be following up on a January 15, 2012 request to
change his address.  Doc. Ent. 132.

[6]Plaintiff Searcy has also filed notices of change of address/contact information on behalf
of other plaintiffs.  *See* Doc. Ent. 22 (regarding plaintiffs Johnson and Sexton), Doc. Ent. 37
(regarding plaintiffs Sexton, Johnson and Witherspoon), Doc. Ent. 89 (plaintiff Witherspoon).

2:10-cv-11242-DPH-PJK) but were docketed in *Searcy v. Macomb County Jail, et al.*, Case No. 5:10-cv-11243-JCO (E.D. Mich.).

First, plaintiff Searcy's May 2011 transfer from ACF[7] to ICF was not docketed in the instant case (Case No. 2:10-cv-11242-DPH-PJK), although it was docketed in *Searcy v. Macomb County Jail, et al.*, Case No. 5:10-cv-11243-JCO (E.D. Mich.) (Doc. Ent. 33, May 6, 2011 notice of change of address/contact information for plaintiff, clearly designated to 10-11243 and 10-11242).  On this subject, plaintiff Searcy has provided four (4) May 4/5, 2011 MDOC Disbursement Authorization forms which indicate that counsel for CMS, counsel for Aramark, Macomb County Corporation Counsel, and the Clerk of this Court were each mailed a change of address attributable to Case Nos. 10-11242 & 10-11243.  Doc. Ent. 123 at 5-8.[8]

Second, plaintiff Searcy's January 2012 transfer to MRF was not docketed in the instant case (Case No. 2:10-cv-11242-DPH-PJK), although it was docketed in *Searcy v. Macomb County Jail, et al.*, Case No. 5:10-cv-11243-JCO (E.D. Mich.) (Doc. Ent. 50, January 17, 2012 notice of change of address/contact information for plaintiff, clearly designated to 10-11243 and 10-11242).

**2.      Still, plaintiff Searcy made his address clear through his filings**.

As noted above, plaintiff's Searcy's May 2011 and January 2012 transfers were not recorded in this case, despite the related notices of change of address/contact information being

---

[7]This transfer was apparently due to ACF's closure.  According to a March 24, 2011 MDOC Press Release, ACF was to close by June 1, 2011. *See* www.michigan.gov/corrections, Publications & Information, Press Releases.

[8]For example, even though the May 2011 transfer from ACF to ICF was not docketed in the instant case (Case No. 10-11242), defendant CMS's July 25, 2011 motion for extension of time to respond to plaintiff's first request for production of documents (Doc. Ent. 91) listed plaintiff Searcy's address as ICF. *See* Doc. Ent. 123 at 2.

clearly marked as applying to both the instant case (10-11242) and *Searcy v. Macomb County Jail, et al.*, Case No. 5:10-cv-11243-JCO (E.D. Mich.).

Even so, he still communicated his current address to the Court.  Fed. R. Civ. P. 11(a) provides, in part:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record int eh attorney's name–or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number. . . .

Fed. R. Civ. P. 11(a).  Many of plaintiff Searcy's filings list his address.

For example, many of plaintiff Searcy's post-May 2011 filings which precede his October 24, 2011 notice of change in address/contact information (Doc. Ent. 122) list ICF as his address.  *See* Doc. Ent. 88, Doc. Ent. 89 & Doc. Ent. 90 (July 12, 2011); Doc. Ent. 93 (August 2, 2011); Envelope for Doc. Ent. 98 at 3 (September 2, 2011); Doc. Ent. 101 (September 15, 2011); Doc. Ent. 104 (September 27, 2011); Doc. Ent. 109, Doc. Ent. 110 (October 4, 2011); Doc. Ent. 115 (October 13, 2011); Envelope for Doc. Ent. 119 at 2 (October 20, 2011); and Doc. Ent. 121 (October 20, 2011).  Furthermore, among these are filings that touch upon the Court's failure to execute the May 2011 change of his address from ACF to ICF.  For example, there is plaintiff Searcy's September 30, 2011 affidavit (Doc. Ent. 109), filed October 4, 2011, wherein Searcy claims to have received a copy of defendant CMS's August 29, 2011 objections (Doc. Ent. 97) on September 12, 2011 but wherein he also claims to have not received a copy of my August 12, 2011 report and recommendation (Doc. Ent. 94) to which the objections relate.  Doc. Ent. 109 ¶¶ 2-3.  Also, there is plaintiff Searcy's October 4, 2011 response (Doc. Ent. 110) to defendant CMS's objections (Doc. Ent. 97), which plaintiff Searcy apparently composed without the

benefit of a copy of my August 12, 2011 report and recommendation (Doc. Ent. 94).  *See* Doc.

Ent. 110 at 1.[9]

Additionally, plaintiff Searcy's post-January 2012 filings which precede his March 1,

2012 notice of change of address/contact information (Doc. Ent. 137 [to 6902 Chicago Road,

Warren, Michigan 48091]) list MRF as his address.  *See* Doc. Ent. 131 at 2 [February 3, 2012 to

MRF], Doc. Ent. 132 at 1 [February 3, 2012 to MRF], Doc. Ent. 136 at 2 [February 13, 2012 at

MRF].  Among these, too, is a document wherein plaintiff mentions a January 15, 2012 request

to change his address and questions why the Court did not change his address in the instant case.

*See* Doc. Ent. 132.

**3.      Several post-May 2011 items sent to plaintiff Searcy have been returned to the
        Court as undeliverable.**

In his December 2, 2011 motion (Doc. Ent. 129), plaintiff contends he did not receive

any of the Court's orders and/or reports and recommendations until November 28, 2011.  Doc.

Ent. 129 at 1.  By way of example, the docket indicates that several post-May 2011 items sent to

plaintiff Searcy were returned to the Court as undeliverable:

- •      On September 6, 2011 (Doc. Ent. 99), the copy of my August 12, 2011
       report and recommendation (Doc. Ent. 94) sent to Searcy at ACF was
       returned on the basis that Searcy was no longer at that facility.
- •      On September 29, 2011 (Doc. Ent. 105), the copy of Judge Hood's
       September 20, 2011 order (Doc. Ent. 103) sent to Searcy at ACF was
       returned on the basis that Searcy was no longer at that facility.
- •      On September 29, 2011 (Doc. Ent. 106), the copy of my August 12, 2011
       report and recommendation (Doc. Ent. 94) sent to Searcy at an Ionia,

---

[9]Plaintiff Searcy's October 20, 2011 motion to allow plaintiffs to respond and affidavit, which lists ICF as his address (Doc. Ent. 121 at 2), was granted in part and denied in part by the Court on November 17, 2011 (Doc. Ent. 127).  It appears that this order resulted in plaintiff Searcy's receipt of certain items (Doc. Entries 94, 100 and 103) on November 28, 2011.

> Michigan address was returned on the basis that there was "no such number."[10]
> • During October 2011, a docket entry was made (Doc. Ent. 113), reflecting that the copy of my July 28, 2011 order (Doc. Ent. 92) sent to Searcy at ACF was returned on August 11, 2011 on the basis that Searcy was no longer at that facility.
> • On October 17, 2011 (Doc. Ent. 116), the copy of the October 4, 2011 order (Doc. Ent. 108) sent to Searcy at ACF was returned as undeliverable.

*See also* Doc. Ent. 129 at 1.

It does not appear that any items sent to plaintiff Searcy by the Court were returned to the

Court as undeliverable once Searcy's October 24, 2011 notice of change in address/contact

information (Doc. Ent. 122 [to ICF]) was filed.

**4.      Plaintiff Searcy's December 2, 2011 motion (Doc. Ent. 129) requests that the Court stay these proceedings and instruct plaintiffs on how to proceed.**

It is plaintiff Searcy's position that the Court's error of not docketing his May 2011

notice of change of address/contact information in the instant case (Case No. 10-11242) affected

his "ability to effectively file . . . responsive pleadings to whatever the Court had ORDERED or

RECOMMENDED at the time of [its] ruling(s)."  Doc. Ent. 129 at 1.

Specifically, plaintiff Searcy contends that November 28, 2011 was the first time he

received **(A)** my August 12, 2011 report and recommendation (Doc. Ent. 94) regarding

defendant CMS's motion to dismiss (Doc. Ent. 46) and plaintiff Searcy's motion to certify class

(Doc. Ent. 47); **(B)** my September 12, 2011 report and recommendation (Doc. Ent. 100)

regarding plaintiff Searcy's motion for default judgment against defendant Valerie Watkins

---

[10]The Court suspects this was an attempt to send mail to plaintiff Searcy at ICF (1576 W. Bluewater Highway, Ionia, MI 48846).  However, the address label, although addressed to plaintiff Searcy and including his prisoner number, had a street address of 1576 W. Lafayette Blvd., Room 546.

(Doc. Ent. 88); and **(C)** Judge Hood's September 20, 2011 order (Doc. Ent. 103) accepting and

adopting my report and recommendation (Doc. Ent. 94).  Doc. Ent. 129 at 2.[11]

By his December 2, 2011 motion, plaintiff Searcy requests:

(1)     a stay of proceedings;

(2)     instructions from the Court on how to further proceed, such as in the Court
        of Appeals for the Sixth Circuit;

(3)     an extension of time within which to file objections to my August 12,
        2011 and September 12, 2011 reports and recommendations (Doc. Entries
        94 & 100) or to appeal Judge Hood's September 20, 2011 order (Doc. Ent.
        103) denying without prejudice defendant CMS's December 27, 2010
        motion to dismiss (Doc. Ent. 46), providing that plaintiff must file an
        amended complaint within twenty (21) days of the date of the order, and
        denying without prejudice plaintiff Searcy's January 6, 2011 motion to
        certify class (Doc. Ent. 47);

(4)     costs.

Doc. Ent. 129 at 1-3.

**5.      Upon consideration, plaintiff Searcy's December 2, 2011 motion (Doc. Ent. 129) is
          granted to the extent it seeks an extension of time within which to file an amended
          complaint.**

**a.      Challenging Judge Hood's September 20, 2011 order (Doc. Ent. 103).**  While

incarcerated at ACF, plaintiff Searcy had filed a January 6, 2011 motion for enlargement of time

(Doc. Ent. 51), partly regarding his response to defendant CMS's December 27, 2010 motion to

dismiss (Doc. Ent. 46); however, the Court denied plaintiff Searcy's motion (Doc. Ent. 51) on

---

[11]The record indicates that on October 17, 2011 (Doc. Ent. 116), the copy of the Court's
October 4, 2011 order (Doc. Ent. 108) sent to plaintiff at ACF was returned as undeliverable. Also,
the record indicates that on October 11, 2011 (Doc Ent. 113), the copy of the Court's July 28, 2011
order (Doc. Ent. 92) sent to plaintiff at ACF was returned as undeliverable.

By an order entered on May 21, 2012, I have directed the Clerk of the Court to update
plaintiffs' contact information and reminded plaintiffs of their obligation to notify the Court of a
change of address.  Doc. Ent. 143.

January 24, 2011 (Doc. Ent. 61).  Plaintiff Searcy filed a response on March 7, 2011 (Doc. Ent. 78).

Then, on September 15, 2011, while incarcerated at ICF, plaintiff Searcy filed a motion for enlargement of time (Doc. Ent. 101), regarding his response to defendant CMS's August 29, 2011 objections (Doc. Ent. 97) to my August 12, 2011 report and recommendation (Doc. Ent. 94) regarding defendant CMS's December 27, 2010 motion to dismiss (Doc. Ent. 46).  The Court granted plaintiff Searcy's motion (Doc. Ent. 101) on October 4, 2011 (Doc. Ent. 108).[12]

One day later, on October 5, 2011, the Clerk of the Court docketed plaintiff Searcy's September 30, 2011 affidavit (Doc. Ent. 109) and September 29, 2011 response (Doc. Ent. 110) as being filed on October 4, 2011.

To the extent plaintiff Searcy's December 2, 2011 filing (Doc. Ent. 129) seeks an extension of time within which to intervene in the Court's decision regarding defendant CMS's December 27, 2010 motion to dismiss (Doc. Ent. 46), plaintiff's January 6, 2011 motion to certify class (Doc. Ent. 47) or my August 12, 2011 report and recommendation (Doc. Ent. 94), Judge Hood's September 20, 2011 order (Doc. Ent. 103) denied without prejudice defendant CMS's dispositive motion (Doc. Ent. 46) and plaintiff Searcy's motion for class certification (Doc. Ent. 47).

In other words, there is no need for such an extension, as the denials of these motions were without prejudice.

---

[12]The record indicates that on October 17, 2011 (Doc. Ent. 116), the copy of the Court's October 4, 2011 order (Doc. Ent. 108) sent to plaintiff at ACF was returned as undeliverable.

**b.** **Objections to my September 12, 2011 Report and Recommendation (Doc. Ent. 100).**

At the time plaintiff filed his December 2, 2011 motion to stay proceedings and provide

plaintiffs with instructions on how to proceed (Doc. Ent. 129), Judge Hood had not yet issued

her April 12, 2012 order (Doc. Ent. 139) accepting and adopting my September 12, 2011 and

January 31, 2012 reports and recommendations (Doc. Entries 100 and 130).

To the extent plaintiff Searcy's December 2, 2011 filing (Doc. Ent. 129) seeks an

extension of time within which to intervene in the Court's evaluation of my September 12, 2011

report and recommendation (Doc. Ent. 100) regarding plaintiff Searcy's motion for default

judgment against defendant Watkins (Doc. Ent. 88), Judge Hood's April 12, 2012 order (Doc.

Ent. 139) accepted and adopted my reports and recommendations (Doc. Ent. 100, Doc. Ent. 130),

denied plaintiff's motion for default judgment against Watkins (Doc. Ent. 88), denied plaintiff's

motion (Doc. Ent. 136) for extension of time to file objection to my January 31, 2012 report and

recommendation (Doc. Ent. 130) and deemed moot plaintiff's motion to proceed in forma

pauperis on appeal and request for transmission of the entire record (Doc. Ent. 125; *see also*

Doc. Ent. 126).

Even if the Court's failure to docket plaintiff Searcy's May 2011 transfer resulted in his

loss of an opportunity to object to my September 12, 2011 report and recommendation (Doc.

Ent. 100), the most appropriate course of action to challenge Judge Hood's April 12, 2012 order

(Doc. Ent. 139) denying plaintiff's motion for default judgment against Watkins (Doc. Ent. 88)

would have been by way of a motion for reconsideration pursuant to E.D. Mich. LR 7.1(h)

("Motions for Rehearing or Reconsideration.").[13]  Here, I note that Judge Hood's order (Doc.

Ent. 139 at 1) acknowledged my recommendation (Doc. Ent. 100) that the Court "deny

Plaintiff's motion for default judgment against Defendant Valerie Watkins [Doc. Ent. 88]

because default judgment is not permitted under the Prison Litigation Reform Act and Defendant

Valerie Watkins has not been properly served[.]"  Doc. Ent. 139 at 1; *see also* Doc. Ent. 100 at 4,

6.

**c.**      **Extension of time to file an amended complaint set forth in the Court's September**

**20, 2011 order (Doc. Ent. 103).**  On September 20, 2011, defendant Watkins filed her pending

motion to dismiss.  Doc. Ent. 102.  Less than two hours later, Judge Hood entered her September

20, 2011 order (Doc. Ent. 103), which provided in part, that "[p]laintiff must file an amended

complaint within twenty-one (21) days of the date of this Order."  Doc. Ent. 103 at 3.

As a result of Judge Hood's order (Doc. Ent. 103), plaintiff Searcy's deadline for filing

an amended complaint was on or about October 14, 2011.  Fed. R. Civ. P. 6(d).  However, as

discussed above, plaintiff Searcy's May 2011 transfer from ACF to ICF was not docketed in this

case, which explains why the copy of Judge Hood's September 20, 2011 order (Doc. Ent. 103)

sent to Searcy at ACF was returned on the basis that Searcy was no longer at that facility (Doc.

Ent. 105).

Therefore, plaintiff Searcy's December 2, 2001 motion (Doc. Ent. 129) is granted to the

extent it seeks an extension of the deadline to file an amended complaint referred to in Judge

---

[13]"An order denying a motion for a default judgment is not an appealable order."  *McNutt v. Cardox Corp.*, 329 F.2d 107, 108 -109 (6th Cir. 1964) (citing 28 U.S.C. § 1291).

Hood's September 20, 2011 order (Doc. Ent. 103).  Plaintiff  must file an amended complaint no

later than Friday, June 29, 2011.

Plaintiff is on notice that "an amended complaint supercedes all prior complaints." *Drake*

*v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008).  Also, any such complaint

shall comply with Fed. R. Civ. P. 8(a) ("Claim for Relief.").  Furthermore, the amended

complaint must comply with Fed. R. Civ. P. 10, which provides in part that "[t]he title of the

complaint must name all the parties; the title of other pleadings, after naming the first party on

each side, may refer generally to other parties." Fed. R. Civ. P. 10(a) ("Caption; Names of

Parties."). And, any such amended complaint may be subject to a Fed. R. Civ. P. 12(b)(6) motion

to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Finally, because plaintiffs have not shown themselves to be attorneys, any such amended

complaint must be signed by each plaintiff on behalf of whom it is brought.  In other words,

plaintiff Searcy cannot act as counsel for the remaining plaintiffs, because "non-attorneys

proceeding pro se cannot adequately represent a class." *Ziegler v. State of Michigan*, 90

Fed.Appx. 808, 810 (6th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320,

1321 (10th Cir.2000)).[14]

---

[14]In *Fymbo*, the Tenth Circuit stated:  "We do not hesitate to affirm the district court's
decision that Mr. Fymbo cannot adequately represent the putative class.  Under Rule 23(a)(4), a
class representative must 'fairly and adequately protect the interests of the class.'  A litigant may
bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C.
§ 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1769.1 &
n. 12 (2d ed.1986) (citing cases for rule that 'class representatives cannot appear pro se').  This is
so because the competence of a layman is 'clearly too limited to allow him to risk the rights of

**d.      Proceeding with the October 20, 2011 notice of appeal (Doc. Ent. 119).**  Finally, at the

time plaintiff filed his December 2, 2011 motion to stay proceedings and provide plaintiffs with

instructions on how to proceed (Doc. Ent. 129), the Sixth Circuit had not yet issued its April 5,

2012 order (Doc. Ent. 138) regarding plaintiff Searcy's October 20, 2011 notice of appeal (Doc.

Ent. 119).  To the extent plaintiff Searcy's December 2, 2011 motion (Doc. Ent. 129) requests

information on how to proceed with an appeal in the Sixth Circuit, plaintiff Searcy's request is

denied.

Here, I acknowledge plaintiff Searcy's concern that he "has been very confused, filing a

Notice of Appeal and other Court documents, which may have been incorrectly filed, not

knowing the reasons behind the Court[']s ORDERS."  Doc. Ent. 129 at 2.  Plaintiff Searcy also

states he "is not sure if the notice of appeal was properly filed."  Doc. Ent. 129 at 3.

However, the Sixth Circuit's April 5, 2012, dismissal (Doc. Ent. 138) of plaintiff's appeal

(Doc. Ent. 119) of the Court's September 20, 2011 order (Doc. Ent. 103), was based on a lack of

jurisdiction.  Specifically, the Sixth Circuit noted, "[n]o final or appealable order terminating all

the issues presented in the litigation has been entered by the district court."  Furthermore, citing

*Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478, 480-81 (1978) and *Coopers & Lybrand v.*

*Livesay*, 437 U.S. 463, 468-69 (1978), the Sixth Circuit noted that "[a]n order denying

certification of a class generally is not immediately appealable."  Doc. Ent. 138 at 2.  *See also* 28

U.S.C. § 1291 ("Final decisions of district courts").

**E.      Order**

---

others.' *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975)." *Fymbo*, 213 F.3d at 1321 (10th
Cir. 2000).

Accordingly, plaintiff Searcy's December 2, 2011 motion (Doc. Ent. 129) to stay proceedings and provide plaintiffs with instructions on how to proceed is GRANTED to the extent it seeks an extension of the time within which to file an amended complaint.  Plaintiff(s) SHALL file any amended complaint no later than Friday, June 29, 2011.  As noted above, any such amended complaint will supercede any previous complaint, must comply with Fed. Rules Civ. P. 8(a) and 10(a), and may be subjected to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Furthermore, any such complaint shall be signed by each of the plaintiffs on behalf of whom it is brought.

In all other respects, plaintiff Searcy's December 2, 2011 motion (Doc. Ent. 129) is DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


　　　　　　　　　　　　　　　　s/Paul J. Komives
　　　　　　　　　　　　　　　　PAUL J. KOMIVES
Dated: May 30, 2012 　　　　　　　　UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

The undersigned certifies that a copy of the foregoing **Order** was served on the attorneys of record herein by electronic means or U.S. Mail on **May 30, 2012**.

　　　　　　　s/Kim Grimes
　　　　　　　Acting in the absence of
　　　　　　　Eddrey Butts, Case Manager


15