UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY (#195469),
KENNETH WITHERSPOON (#713949),
WILLIAM JOHNSON (#239323),
SHANNON SEXTON (#197754) and       CASE NO. 2:10-CV-11242
JAMES HOLLAND,                                     JUDGE DENISE PAGE HOOD
                                                                MAGISTRATE JUDGE PAUL J. KOMIVES

              Plaintiffs,

v.

MACOMB COUNTY JAIL,
MARK A. HACKEL,
ARAMARK CORPORATION,
CORRECTIONAL MEDICAL SERVICES, INC.
and MEDICAL DIRECTOR/SUPERVISOR DOE,

              Defendants,
                                       /

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT WATKINS'S SEPTEMBER 20, 2011 MOTION TO DISMISS (Doc. Ent. 102)**

**I.    OPINION**

**A.    Defendant Watkins's September 20, 2011 Motion to Dismiss (Doc. Ent. 102)**

Currently before the Court is defendant Watkins's September 20, 2011 Fed. R. Civ. P. 12(b)(6) motion to dismiss. Doc. Ent. 102. Therein, defendant Watkins argues that plaintiffs' complaint "should be dismissed pursuant to [Fed. R. Civ. P.] 12(b)(6)[,] because it fails to state a plausible claim against defendant [Watkins] upon which relief may be granted." Doc. Ent. 102 at 4, 6.

For example, Watkins's September 20, 2011 motion alleges that "Plaintiffs' Complaint contains absolutely no allegations against R.N. Watkins and does not even name her as a party." Doc. Ent. 102 at 11. In other words, "Plaintiffs' Complaint does not contain any allegations against R.N. Watkins, or any party for whom she may be substituted." Doc. Ent. 102 at 11-12.

Also, Watkins argues, "even if Plaintiffs did name a Medical Director/Supervisor Doe for whom R.N. Watkins may be substituted, it is clear that supervisory liability is not a viable theory under 42 U.S.C. § 1983." In other words, "Plaintiffs have failed to allege any personal involvement of R.N. Watkins in the incidents that form the basis of their Complaint. To the extent that Plaintiffs are suing R.N. Watkins merely because of her alleged supervisory role, it is clear that such allegations fail to state a claim upon which relief can be granted." Doc. Ent. 102 at 12.

Plaintiff Searcy filed a response on September 27, 2011. Doc. Ent. 104. On October 6, 2011, defendant Watkins filed a reply. Doc. Ent. 111. Plaintiff Searcy filed a sur-reply on October 13, 2011. Doc. Ent. 115.[1]

**B.     Discussion**

**1.**     Plaintiff Searcy's sur-reply purports to "clear up arguments [defendant Watkins uses] in [her] [October 6, 2011 reply (Doc. Ent. 111)] that are misleading." Doc. Ent. 115 at 1. First, perhaps referring to defendant Watkins's statement that "[w]hile Plaintiff's response did not attempt to explain the manner in which the Amended Complaint stated a claim, Plaintiff did make an attempt to explain the nature of his complaints against RN Watkins by setting forth *new allegations*[,]" Doc. Ent. 111 at 2 (emphasis added), plaintiff Searcy asserts that his September 27, 2011 response (Doc. Ent. 104) does not bring up any new arguments.

Second, perhaps referring to defendant Watkins's October 6, 2011 citation (Doc. Ent. 111 at 3-4) of plaintiff Searcy's September 27, 2011 response (Doc. Ent. 104 at 7) - wherein plaintiff argues that "[d]efendants are well aware of the nature of the claims against them[,]" - plaintiff Searcy mentions exhaustion of administrative remedies and states that Watkins, as the reviewer

---

[1] On May 22, 2012, I entered an order (Doc. Ent. 144) denying defendant Watkins's motion (Doc. Ent. 117) to strike plaintiff Searcy's impermissible sur-reply (Doc. Ent. 115).

of grievance(s) submitted to defendant(s), "had sufficient knowledge of these claims[.]"  Doc. Ent. 115 at 1.

Third, perhaps referring to his June 27, 2011 first request for production of documents (*see* Doc. Ent. 91 ¶ 5, Doc. Ent. 92), plaintiff Searcy claims that defendants "have denied Plaintiff **ANY** of the documents requested in discovery for Plaintiffs review as required by [Fed. Rules Civ. P.] 33 & 34."  Doc. Ent. 115 at 1-2.

In the end, plaintiff Searcy's filing requests that the Court (1) deny defendant Watkins's September 20, 2011 motion to dismiss (Doc. Ent. 102); (2) compel discovery; and (3) "give plaintiff his cost to defend this motion[.]"  Doc. Ent. 115 at 2.

**2.**   On May 30, 2012, I entered an order (Doc. Ent. 145) granting in part plaintiff Searcy's motion to stay proceedings and provide plaintiffs with instructions on how to proceed.  Doc. Ent. 129.  Specifically, my order permitted plaintiff(s) to file an amended complaint no later than June 29, 2011.

**3.**   Defendant Watkins's September 20, 2011 motion to dismiss (Doc. Ent. 102) was filed less than two hours before Judge Hood entered her September 20, 2011 order (Doc. Ent. 103) providing in part that "[p]laintiff must file an amended complaint within twenty-one (21) days of the date of this Order."  Doc. Ent. 103 at 3.  And, plaintiff Searcy's May 2011 transfer from ACF to ICF was not docketed in this case, which explains why the copy of Judge Hood's September 20, 2011 order (Doc. Ent. 103) sent to Searcy at ACF was returned on the basis that Searcy was no longer at that facility (Doc. Ent. 105).

**4.**   In light of my order (Doc. Ent. 145) permitting plaintiff(s) to file an amended complaint no later than June 29, 2011, defendant Watkins's September 20, 2011 motion to dismiss (Doc. Ent. 102) will be denied without prejudice to renewal following plaintiff(s) filing of an amended

3

complaint or the failure to do so by June 29, 2011. *Florence v. Stanback*, No. 07-8184, 607 F.Supp.2d 1119, 1121 (C.D. Cal. Mar. 23, 2009) ("Because the Motion to Dismiss was denied without prejudice to defendants' right to raise the same arguments and/or defenses in another motion, the Magistrate Judge's order did not exceed his jurisdiction.").[2]

5.      Although plaintiff's October 13, 2011 sur-reply (Doc. Ent. 115) requests that the Court compel discovery, the Court's order (Doc. Ent. 145) permitting plaintiff(s) to file an amended complaint renders the parties' engagement in discovery best left until after the filing of any such amended complaint.

**II.     ORDER**

Accordingly, defendant Watkins's September 20, 2011 motion to dismiss (Doc. Ent. 102) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


                                         s/Paul J. Komives
                                         PAUL J. KOMIVES
Dated: May 30, 2012                      UNITED STATES MAGISTRATE JUDGE

---

[2]*But see Kamara v. Astrue*, No. 5:10-cv-169-FL, 2011 WL 1043720, 1 (E.D.N.C. Mar. 17, 2011) ("Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M & R") wherein he recommends that the court allow the motion for leave to amend and deny without prejudice the motion to dismiss.")

**Proof of Service**

The undersigned certifies that a copy of the foregoing **Order** was served on the attorneys of record herein by electronic means or U.S. Mail on **May 30, 2012**.

        s/Kim Grimes
        Acting in the absence of
        Eddrey Butts, Case Manager