UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY (#195469),
KENNETH WITHERSPOON (#713949),
WILLIAM JOHNSON (#239323),
SHANNON SEXTON (#197754) and
JAMES HOLLAND,

                                  CASE NO. 2:10-CV-11242
          Plaintiffs,        JUDGE DENISE PAGE HOOD
                                  MAGISTRATE JUDGE PAUL J. KOMIVES

v.

MACOMB COUNTY JAIL,
MARK A. HACKEL,
ARAMARK CORPORATION,
CORRECTIONAL MEDICAL SERVICES, INC.
and VALERIE WATKINS,

                        Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF SEARCY'S JUNE 28, 2012 MOTION TO DISMISS (Doc. Ent. 150)**

I.      **RECOMMENDATION:** The Court should deem moot in part and grant in part plaintiff

Searcy's June 28, 2012 motion to dismiss (Doc. Ent. 150).  Specifically, the Court should deem

moot plaintiff's motion to the extent it seeks dismissal of this action as a class.  However, the

Court should grant plaintiff's motion to the extent it seeks dismissal of plaintiffs Witherspoon,

Johnson, Sexton and Holland.  Furthermore, such dismissal should be with prejudice.

      Reports and recommendations regarding defendants CMS and Watkins's July 18, 2012

motion to dismiss (Doc. Ent. 156) and defendants MCJ and Hackel's August 15, 2012 motion to

dismiss (Doc. Ent. 163) will issue under separate cover.

II.     **REPORT:**

A.     **Background**

On March 24, 2010, Lavelle Searcy (#195469) was sentenced to nineteen (19) to one hundred twenty (120) months for a September 25, 2009 violation of Mich. Comp. Laws § 750.357 ("Larceny from the person."). Case No. 09-004573-FH (Macomb County).

On March 29, 2010, while incarcerated at the Macomb County Jail (MCJ) in Mt. Clemens, Michigan, Searcy filed three (3) lawsuits in this Court: *Searcy, et al. v. Macomb County Jail, et al.*, Case No. 2:10-cv-11242-DPH-PJK; *Searcy v. Macomb County Jail, et al.*, Case No. 5:10-cv-11243-JCO, a prisoner civil rights case which concerned a kosher diet and was dismissed on March 31, 2012; and *Searcy v. Kroger Supermarket Chain, et al.*, Case No. 2:10-cv-11244-VAR-DRG, a 12 U.S.C. § 3410 ("Customer challenges") case, which stems from the alleged events of September 25, 2009 but was dismissed on April 9, 2010.

On February 29, 2012, plaintiff Searcy was paroled from the Michigan Department of Corrections (MDOC). However, the Offender Tracking Information System currently indicates that Searcy has been returned to prison for an alleged parole violation and is assigned to the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Michigan. *See* www.michigan.gov/corrections, "Offender Search."

**B.      The Instant Case**

**1.**      The original complaint in the instant case was filed on March 29, 2010 by plaintiff Searcy, as well as plaintiffs Shannon Sexton, Kenneth Witherspoon, William Johnson and James Holland. Doc. Ent. 1 at 8.[1]

---

[1]Per the MDOC's website, Sexton (#197754) was paroled on October 16, 2012 (Lincoln Park Parole Office); Witherspoon (#713949) is incarcerated at the Bellamy Creek Correctional Facility (IBC); Johnson (#239323) was discharged on March 7, 2012.

**2.**     By way of Magistrate Judge Hluchaniuk's October 14, 2010 order (Doc. Ent. 32), the July 28, 2010 motion to amend complaint (Doc. Ent. 14) became the amended complaint and CMS and Medical Director/Supervisor Doe were added as defendants in the case.

On March 15, 2011, Magistrate Judge Hluchaniuk entered an order (Doc. Ent. 80) substituting defendant Valerie Watkins for Medical Director/Supervisor Doe and directing the U.S. Marshal to effect service upon Watkins.

**3.**     On May 30, 2012, I entered an order (Doc. Ent. 145) which granted plaintiff Searcy's December 2, 2011 motion (Doc. Ent. 129) to stay proceedings and provide plaintiffs with instructions on how to proceed to the extent it sought an extension of the time within which to file an amended complaint.  My order further directed plaintiff(s) to "file any amended complaint no later than Friday, June 29, 2011[,]" and noted that any such amended complaint would supercede any previous complaint, must comply with Fed. Rules Civ. P. 8(a) and 10(a), and may be subjected to a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Additionally, any such complaint was to be signed by each of the plaintiffs on behalf of whom it was brought. *See* Doc. Ent. 145 at 15.[2]

**4.**     On June 28, 2012, plaintiff Searcy filed an amended complaint against MCJ, Hackel, Aramark, CMS and Medical Director/Supervisor Doe (Watkins).  Doc. Ent. 149 at 1-9.

MCJ and Hackel filed an answer on July 12, 2012 (Doc. Ent. 155).  Aramark filed its answer on August 3, 2012 (Doc. Ent. 159).

**C.     Pending Dispositive Motions**

---

[2]The copy of this order sent to Holland at the MCJ was returned to sender.  Doc. Ent. 148.

**1.**     On June 28, 2012, plaintiff Searcy filed a motion to dismiss this action as a class and dismiss plaintiffs Witherspoon, Sexton, Johnson and Holland from this action.  Doc. Ent. 150.  Specifically, plaintiff Searcy asks the Court to dismiss this action as a class; dismiss plaintiffs Witherspoon, Sexton, Johnson and Holland; and allow plaintiff Searcy to proceed on his own.  According to plaintiff Searcy, he has attempted to contact these plaintiffs but has had no success.  Searcy suggests that, if these plaintiffs are still interested in pursuing this lawsuit, the Court could enter an order setting forth the correct procedure to follow.  Doc. Ent. 150 at 2.

Pursuant to the Court's July 10, 2012 order, defendants were to file any response on or before August 8, 2012.  Doc. Ent. 152.  Aramark filed its response on August 7, 2012.  Doc. Ent. 160.  Therein, Aramark requests (A) dismissal with prejudice of plaintiffs Witherspoon, Sexton, Johnson and Holland from the instant case and of the putative class action; (B) dismissal of the remaining individual action by Searcy, as precluded by Case No. 10-11243; and (C) grant Aramark "actual costs and attorney fees for having to defend this unwarranted class action lawsuit."  Doc. Ent. 160 at 4.

Hackel and MCJ filed their response on August 8, 2012.  Doc. Ent. 162.  They request that the Court grant plaintiff Searcy's motion, but with prejudice.  Doc. Ent. 162 at 4.

**2.**     On July 18, 2012, defendants CMS and Watkins filed a motion to dismiss.  Doc. Ent. 156.  On August 15, 2012, defendants MCJ and Hackel filed a motion to dismiss.  Doc. Ent. 163.

On September 7, 2012, I entered an order (Doc. Ent. 167) granting plaintiff Searcy's August 20, 2012 motion (Doc. Ent. 164) for an enlargement of time to file responses.  My order specifically provided plaintiff Searcy up to and including Wednesday, October 31, 2012 by which to file separate responses to defendants CMS and Watkins's July 18, 2012 motion to

4

dismiss (Doc. Ent. 156) and defendants MCJ and Hackel's August 15, 2012 motion to dismiss (Doc. Ent. 163).[3]

On October 24, 2012, I entered an order (Doc. Ent. 172) granting in part plaintiff Searcy's October 18, 2012 motion for enlargement of time (Doc. Ent. 169).  My order specifically provided plaintiff Searcy up to and including Friday, November 30, 2012 by which to file separate responses to defendants CMS and Watkins's July 18, 2012 motion to dismiss (Doc. Ent. 156) and defendants MCJ and Hackel's August 15, 2012 motion to dismiss (Doc. Ent. 163).[4]

**D.   Discussion**

**1.   Of the complaints, only the original is signed by all five plaintiffs.**

The original complaint in this case, filed on March 29, 2010, was signed by each of the five plaintiffs: Searcy, Sexton, Witherspoon, Johnson and Holland.  *See* Doc. Ent. 1 at 8.

However, the July 28, 2010 motion to amend the complaint was only signed by plaintiff Searcy, as "Class Member."  Doc. Ent. 14 at 1-2.  The same was true of the accompanying amended complaint, which was signed, "ON BEHALF OF ALL PLAINTIFF'S."  Doc. Ent. 14 at 3-9.[5]

---

[3]The copy of my order (Doc. Ent. 167) sent to MCJ was returned to sender.  Doc. Ent. 168.

[4]The copy of my order (Doc. Ent. 172) sent to Holland at MCJ was returned to sender and stamped, "No Longer At This Address" (Doc. Ent. 174), sent to Searcy was returned with the stamp, "Released" (Doc. Ent. 175); and sent to Sexton was returned to sender and stamped, "Paroled/Discharged" (Doc. Ent. 178).

[5]*See also* Doc. Ent. 14 at 12-17 (same as Doc. Ent. 1 at 3-7).

Furthermore, the June 28, 2012 amended complaint (Doc. Ent. 149 at 1-9) is only signed by plaintiff Searcy.[6]

To be sure, I note that on July 26, 2010, Johnson filed an affidavit (Doc. Ent. 12); on August 9, 2010, Sexton filed an affidavit (Doc. Ent. 17); on September 8, 2010, Witherspoon filed an affidavit (Doc. Ent. 24); on October 22, 2010, plaintiff Searcy informed the Court of Sexton, Johnson and Witherspoon's addresses (Doc. Ent. 37); and, on May 24, 2011, Sexton informed the Court of his change of address/contact information (Doc. Ent. 87).

2.    **The docket in this case shows thirty-eight (38) mailings by this Court which have been returned as undeliverable.**

For example, in eight (8) instances, mail sent to Searcy has been returned to the Court. *See* Doc. Entries 99, 105, 106, 113 and 116, *as well as* Doc. Entries 28, 175 and 187.  In five (5) instances, mail sent to Witherspoon has been returned to the Court.  *See* Doc. Entries 86, 96, 107, 134 and 142.  In apparently two (2) instances, mail sent to Johnson has been returned to the Court.  *See* Doc. Ent. 153; *see also* Doc. Ent. 19.  In six (6) instances, mail sent to Sexton has been returned to the Court.  *See* Doc. Entries 18, 135, 140, 157, 178 and 185.  Finally, in apparently seventeen (17) instances, mail sent to Holland has been returned to the Court.  *See* Doc. Entries 67, 68, 75, 82, 85, 95, 114, 133, 141, 147, 148, 174 and 183;[7] *see also* Doc. Entries 20, 112, 158 and 168.

---

[6]*See also* Doc. Ent. 149 at 10-15 (same as Doc. Ent. 1 at 3-8), Doc. Ent. 149 at 16-24 (same as Doc. Ent. 14 at 1-9).

[7]Holland's copies of the Court's January 21, 2011 and January 24, 2011 orders (Doc. Entries 60 and 61) mailed to MCJ were returned to the Court marked, "NOT HERE."  Doc. Ent. 67. Furthermore, Holland's copies of the Court's January 19, 2011 orders (Doc. Entries 56, 57, 58 and 59) mailed to MCJ were returned to the Court marked, "RELEASED."  Doc. Ent. 68.

As recently as May 21, 2012, I entered an order (Doc. Ent. 143) directing the Clerk of the Court to update plaintiffs' contact information and reminding plaintiffs of their obligation to notify the court of change of address.  Copies of this order were served on May 22, 2012 to each of the five (5) plaintiffs.  The docket does not indicate that any such copies were returned as undeliverable.

3.     **Plaintiff Searcy seeks dismissal of plaintiffs Witherspoon, Sexton, Johnson and Holland without prejudice, while defendants Aramark, MCJ and Hackel seek dismissal of these four plaintiffs with prejudice.**

a.     By his June 28, 2012 motion, plaintiff Searcy requests that the Court dismiss this action as a class and dismiss plaintiffs Witherspoon, Sexton, Johnson and Holland from this action. Doc. Ent. 150 at 1.

In support of his motion, plaintiff contends that he "has been filing all of the responses and is unable to contact any of these Plaintiffs for their statements and other information the Court has requested from each Plaintiff."  Plaintiff Searcy also doubts "if these Plaintiffs ever understood the various orders and recommendation that were sent to them by the Court."  Doc. Ent. 150 at 1.  Additionally, plaintiff Searcy notes that he "cannot contact these Plaintiffs even though one or more may still be in the prison system[,]" explaining that "[t]here is no prisoner to prisoner contact while [plaintiff Searcy is] in transitional housing."  Doc. Ent. 150 at 1-2.  Also, plaintiff Searcy states that, "before coming to transitional housing, the remaining Plaintiffs failed to answer any of [his] request[s], maybe because of a belief that the case was resolve[d] or because no further action was necessary."  Doc. Ent. 150 at 2.

In the end, plaintiff Searcy requests that plaintiffs Witherspoon, Sexton, Johnson and Holland be dismissed and that plaintiff Searcy be permitted to "proceed on his own in this

7

matter." He contends that he cannot represent the class and requests that plaintiffs Witherspoon, Sexton, Johnson and Holland (along with the class certification) "be dismissed without prejudice since Plaintiff will not be in the transitional setting for more than 90 more days." Doc. Ent. 150 at 2.[8]

**b.**     On July 10, 2012, I entered an order (Doc. Ent. 152) setting the deadline for defendant(s) response for August 8, 2012. A copy of this order was mailed to Sexton at JCS; to Johnson at a private address; to Holland at the MCJ; to Witherspoon at IBC; and to Searcy at a private address.

The copy of this order sent to Johnson was returned for postage (Doc. Ent. 153); the copy of this order sent to Sexton was returned for postage (Doc. Ent. 157); and the copy of this order sent to MCJ, apparently to Holland, was returned to the Court stamped, "No Longer At This Address" (Doc. Ent. 158).

**c.**     On August 7, 2012, defendant Aramark filed a response. Doc. Ent. 160 at 1-5. Aramark does not object to the dismissal of this action as a Class and the dismissal of Witherspoon, Sexton, Johnson and Holland from this action "provided that it is with prejudice." Doc. Ent. 160 at 3 ¶ 7. It is Aramark's position that dismissal of this action as a class action and dismissal of plaintiffs Witherspoon, Sexton, Johnson and Holland "should be with prejudice, thereby ending any further attempt by Searcy to engage in this type of inappropriate class action as it relates to [defendant Aramark]." Doc. Ent. 160 at 3 ¶ 8.

---

[8]At the time he filed his June 28, 2012 motion (Doc. Ent. 150), plaintiff's address was 6902 Chicago Road, Warren, Michigan 48092. *See* Doc. Entries 137 and 150 at 2. This address is attributable to Self Help Addition Rehabilitation (SHAR) Macomb. *See* http://sharinc.org/index.php/about-us/our-facilities.

In sum, defendant Aramark requests that the Court (1) "permit the dismissal of [Witherspoon, Sexton, Johnson and Holland] from this action with prejudice and the [putative] class action with prejudice," (2) "dismiss this remaining individual action by [plaintiff Searcy] in its entirety as same has already been precluded in Case No. 10-11243," and (3) "grant to Defendant ARAMARK actual costs and attorney fees for having to defend this unwarranted class action lawsuit."  Doc. Ent. 160 at 4.

**d.**      On August 8, 2012, defendants MCJ and Hackel filed a response.  Doc. Ent. 162.  They contend that the relief sought by plaintiff is unnecessary, because *inter alia* (a) Witherspoon, Sexton, Johnson and Holland did not execute the first (Doc. Ent. 14) and second (Doc. Ent. 149) amended complaints and an amended complaint supercedes an earlier filed complaint (Doc. Ent. 162 ¶¶ 4, 6); (b) plaintiff Searcy "is not a licensed attorney[,]" therefore, he "may not represent Holland, Witherspoon, Johnson or Sexton," (Doc. Ent. 162 ¶ 5); and (c) plaintiff Searcy "has twice moved and twice been denied class certification[,]" Doc. Ent. 162 ¶ 7; *see also* Doc. Entries 35 and 103.

Even if the relief sought by plaintiff is unnecessary, defendants MCJ and Hackel "do not oppose Plaintiff Searcy's motion to Dismiss Class Action and to Dismiss Holland, Witherspoon, Johnson, and Sexton from this matter."  Doc. Ent. 162 at 3 ¶ 11.  However, MCJ and Hackel "request that such dismissals be with prejudice as there is no actual class action and as neither Holland, Witherspoon, Johnson, nor Sexton are actually party plaintiffs; [therefore] a dismissal with prejudice takes nothing from plaintiff Searcy."  Doc. Ent. 162 at 3 ¶ 12.

**4.      The Court should deem moot in part and grant in part plaintiff Searcy's June 28, 2012 motion to dismiss (Doc. Ent. 150).**

a.      **The Court should deem moot plaintiff's request to dismiss this action as a class.**  The Court has twice ruled upon requests for class certification.  On October 15, 2010, Magistrate Judge Hluchaniuk entered an order (Doc. Ent. 35) denying motions to certify class action (Doc. Entries 7, 13 and 30) as premature.  On September 20, 2011, Judge Hood entered an order (Doc. Ent. 103), which in part denied without prejudice plaintiff's motion to certify class (Doc. Ent. 47).  Therefore, there is no class action to dismiss.[9]

b.      **The Court should grant plaintiff's request to dismiss Holland, Witherspoon, Johnson and Sexton and should do so with prejudice.**  Plaintiff's June 28, 2012 motion to dismiss (Doc. Ent. 150) is unopposed by plaintiffs Holland, Witherspoon, Johnson and Sexton.  More than six (6) months after the instant motion was filed, the only pleadings filed in response to it are by defendant Aramark (Doc. Ent. 160) and defendants Hackel and MCJ (Doc. Ent. 162).

There seems to be an explanation for this, namely that plaintiffs Holland, Witherspoon, Johnson and Sexton were unaware of the relief plaintiff Searcy was seeking.  For example, plaintiff's June 28, 2012 motion to dismiss was not accompanied by a certificate of service.  Doc. Ent. 150 at 1-4.  Therefore, while defense counsel would have been electronically notified at the time the motion was filed, it is not clear whether plaintiff Searcy served plaintiffs Holland, Witherspoon, Johnson and Sexton with a copy of the motion.  Furthermore, the Court's July 10, 2012 scheduling order (Doc. Ent. 152), required *defendant* to file any response by August 8, 2012.  And, even if any of the plaintiffs had received their copy of this order,[10] it merely

_____

[9]Furthermore, "non-attorneys proceeding pro se cannot adequately represent a class." *Ziegler v. State of Michigan*, 90 Fed.Appx. 808, 810 (6th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000)).

[10]*See* Doc. Entries 153, 157 and 158.

10

described plaintiff's June 28, 2012 motion as a "motion to dismiss," a description which would not have indicated to Holland, Witherspoon, Johnson and Sexton that plaintiff Searcy was seeking their dismissal as parties to this case.

Nonetheless, it seems that plaintiffs Holland, Johnson, Witherspoon and Sexton are not independently prosecuting this case. Dismissal of actions is governed by Fed. R. Civ. P. 41. With respect to involuntary dismissal, the rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as *an adjudication on the merits*.

Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect) (emphasis added).

A conclusion that plaintiffs Holland, Johnson, Witherspoon and Sexton are not independently prosecuting this case is justified by their failure to file responses to the various motions to dismiss filed by defendants. For example, although it mentions the amended complaint filed on July 28, 2010 and signed by Searcy (Doc. Ent. 14), CMS's December 27, 2010 motion to dismiss alleged that "Plaintiffs' Complaint fails to state a plausible claim against Defendant, CMS, upon which relief may be granted." *See* Doc. Ent. 46 at 8, Doc. Ent. 46 at 13 (Conclusion, Proof of Service). The March 7, 2011 response was filed by plaintiff Searcy (Doc. Ent. 78), as was the affidavit filed on March 28, 2011 (Doc. Ent. 83).

Furthermore, although it mentions the amended complaint filed on July 28, 2010 and signed by Searcy (Doc. Ent. 14), Watkins's September 20, 2011 motion to dismiss (Doc. Ent. 102), sought dismissal of plaintiffs' claims against Watkins. Doc. Ent. 102 at 8-9, Doc. Ent. 102

11

at 13 (Relief Requested, Proof of Service).  The September 27, 2011 response was filed by plaintiff Searcy (Doc. Ent. 104), as was the October 13, 2011 sur-reply (Doc. Ent. 115).

Likewise, none of these four (4) plaintiffs have filed responses to the pending dispositive motions filed by defendants CMS and Watkins on July 18, 2012 (Doc. Ent. 156) and by defendants MCJ and Hackel on August 15, 2012 (Doc. Ent. 163).  Although it mentions plaintiff Searcy's June 28, 2012 amended complaint (Doc. Ent. 149), by their motion CMS and Watkins seek dismissal of "plaintiffs' claims."  Doc. Ent. 156 at 2 (Motion), 19 (Relief Requested), 20 (Proof of Service).  Furthermore, although it mentions plaintiff Searcy's June 28, 2012 amended complaint (Doc. Ent. 149), by their motion MCJ and Hackel seek dismissal of "[p]laintiffs' cause of action against them, in its entirety[.]"  Doc. Ent. 163 at 2, 5, 12-13 (Conclusion), 13 (Certification of Service).

Plaintiffs are presumed to know the rules of this Court.[11]  One of this Court's Local Rules provides that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available[,]" E.D. Mich. LR 7.1(c)(1), and the same rule provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion[,]" E.D. Mich. LR 7.1(e)(1)(B).  Therefore, even if Holland, Johnson, Witherspoon and Sexton did not receive a copies of the Court's order (Doc. Ent. 56)[12] requiring response to

---

[11]"[P]ro se litigants are presumed to have full knowledge of applicable court rules and procedures.  Therefore, although the plaintiff is proceeding pro se, he must follow the Federal Rules and procedural rules of the Central District of Illinois." *Moralis v. Flageole*, No. 06-2034, 2007 WL 2893652, 3 (C.D. Ill. Sept. 28, 2007).  Also, "[l]itigants are presumed to know the tax laws and the Rules, even when proceeding pro se." *Bussell v. C.I.R.*, No. 15462-02, 2005 WL 775755, 12 (U.S.Tax Ct.) (U.S.Tax Ct. April 7, 2005).

[12]The copy mailed to Holland at MCJ was returned to the Court.  Doc. Ent. 68.

CMS's motion to dismiss (Doc. Ent. 46) OR my order (Doc. Ent. 167)[13] granting plaintiff

Searcy's motion for an enlargement of time to file responses OR my order (Doc. Ent. 172)[14]

granting in part plaintiff Searcy's motion for enlargement of time OR my order (Doc. Ent. 181)[15]

denying plaintiff Searcy's motion to hold case in abeyance, Holland, Johnson, Witherspoon and

Sexton were presumed to know the due date for a response to defendants' various motions to

dismiss.

**c.**      I note defendant Aramark's assertion that plaintiff Searcy's complaint in Case No. 10-

11243 "stated the same claims that [plaintiff Searcy] is presently asserting in this now new

individual case[,]" as well as Aramark's references to three (3) documents from Case No. 10-

11243:  Magistrate Judge Grand's March 13, 2012 report and recommendation (Doc. Ent. 52);

Judge O'Meara's March 31, 2012 order adopting report and recommendation (Doc. Ent. 58); and

the Clerk of the Court's March 31, 2012 judgment (Doc. Ent. 59).  Doc. Ent. 160 at 3-4 ¶¶ 9, 10

and 11; Doc. Ent. 160-1.

At this time, the Court should deny without prejudice defendant Aramark's August 7,

2012 request to dismiss the remaining case brought by plaintiff Searcy on the basis that it has

been precluded by Case No. 10-11243 (*see* Doc. Ent. 160 at 4).  Aramark's argument in support

of this request is more appropriately developed in the form of a dispositive motion by Aramark,

---

[13]The copy of my order (Doc. Ent. 167) sent to MCJ was returned to sender.  Doc. Ent. 168.

[14]The copy of my order (Doc. Ent. 172) sent to Holland at MCJ was returned to sender and stamped, "No Longer At This Address" (Doc. Ent. 174), sent to Searcy was returned with the stamp, "Released" (Doc. Ent. 175); and sent to Sexton was returned to sender and stamped, "Paroled/Discharged" (Doc. Ent. 178).

[15]The copies of my order (Doc. Ent. 181) mailed to Holland at MCJ (Doc. Ent. 183), to Sexton (Doc. Ent. 185), and to Searcy at Salvation Army Harbor Light (Doc. Ent. 187) were returned to the Court.

rather than posed in Aramark's response (Doc. Ent. 160) to plaintiff Searcy's motion to dismiss the other plaintiffs.

**d.**      I also note defendant Aramark's assertion that "at no time did the other individual Plaintiffs participate in this action as it was simply a ruse created by [plaintiff Searcy] to proceed with this purported class action."  Therefore, Aramark requests that plaintiff Searcy "be sanctioned and required to pay all of the costs and attorney fees of Defendant ARAMARK in having to deal with this unwarranted 'Class Action.'" Doc. Ent. 160 at 3 ¶ 7 (referencing Fed. R. Civ. P. 11).

The Court should deny defendant Aramark's August 7, 2012 request for costs and attorney fees.  *See* Doc. Ent. 160 at 4.  First, to the extent Aramark seeks relief under Fed. R. Civ. P. 11, the Court should deny it.  "A motion for sanctions must be made separately from any other motions and must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2) ("Motion for Sanctions.").

Second, even if it is not based upon Rule 11, the Court should deny Aramark's request for costs and fees as premature.  Should the Court enter judgment in favor of Aramark, it may present a bill of costs to the clerk of this Court pursuant to 28 U.S.C. § 1920 ("Taxation of costs") and Fed. R. Civ. P. 54(d)(1).  If Aramark seeks attorney fees pursuant to 42 U.S.C. § 1988 ("Proceedings in vindication of civil rights"), it should follow the procedure set forth in Fed. R. Civ. P. 54(d)(2).

## III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United*

*States v. Walters*, 638 F.2d 947 (6ᵗʰ Cir. 1981). Filing of objections which raise some issues but

fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

*Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829

F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections

is to be served upon this Magistrate Judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address

specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives           
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:1/17/13

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on January 17, 2013.

                    s/Eddrey Butts     
                    Case Manager

---