UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY (#195469),
KENNETH WITHERSPOON (#713949),
WILLIAM JOHNSON (#239323),
SHANNON SEXTON (#197754) and
JAMES HOLLAND,

|  |  |
|---|---|
| Plaintiffs, | CASE NO. 2:10-CV-11242 |
|  | JUDGE DENISE PAGE HOOD |
|  | MAGISTRATE JUDGE PAUL J. KOMIVES |

v.

MACOMB COUNTY JAIL,
MARK A. HACKEL,
ARAMARK CORPORATION,
CORRECTIONAL MEDICAL SERVICES, INC.
and VALERIE WATKINS,

Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS MCJ AND
HACKEL'S AUGUST 15, 2012 MOTION TO DISMISS (Doc. Ent. 163)**

**I.     RECOMMENDATION:** The Court should grant defendants MCJ and Hackel's August

15, 2012 motion to dismiss (Doc. Ent. 163).  If the Court accepts the recommendation that

plaintiff Searcy's claims against MCJ and Hackel should be dismissed, but that plaintiff Searcy

has stated a municipal liability claim against Macomb County upon which relief may be granted,

then the remaining defendants will be Aramark Corporation, CMS, Watkins and Macomb

County, in which case the Court should direct the Clerk of the Court to add Macomb County as a

defendant in this matter.

**II.     REPORT:**

**A.     Background**

On March 24, 2010, Lavelle Searcy (#195469) was sentenced to nineteen (19) to one hundred twenty (120) months for a September 25, 2009 violation of Mich. Comp. Laws § 750.357 ("Larceny from the person.").  Case No. 09-004573-FH (Macomb County).

On March 29, 2010, while incarcerated at the Macomb County Jail (MCJ) in Mt. Clemens, Michigan, Searcy filed three (3) lawsuits in this Court:  *Searcy, et al. v. Macomb County Jail, et al.*, Case No. 2:10-cv-11242-DPH-PJK, the instant case; *Searcy v. Macomb County Jail, et al.*, Case No. 5:10-cv-11243-JCO, a prisoner civil rights case which concerned a kosher diet and was dismissed on March 31, 2012; and *Searcy v. Kroger Supermarket Chain, et al.*, Case No. 2:10-cv-11244-VAR-DRG, a 12 U.S.C. § 3410 ("Customer challenges") case, which stems from the alleged events of September 25, 2009 but was dismissed on April 9, 2010.

On February 29, 2012, plaintiff Searcy was paroled from the Michigan Department of Corrections (MDOC).  However, the Offender Tracking Information System currently indicates that Searcy has been returned to prison for an alleged parole violation and is assigned to the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Michigan.  *See* www.michigan.gov/corrections, "Offender Search."

**B.     The Instant Case**

**1.**     The original complaint in the instant case was filed on March 29, 2010 by plaintiff Searcy, as well as plaintiffs Shannon Sexton, Kenneth Witherspoon, William Johnson and James Holland.  Doc. Ent. 1 at 8.[1]

---

[1]Per the MDOC's website, Sexton (#197754) was paroled on October 16, 2012 (Lincoln Park Parole Office); Witherspoon (#713949) is incarcerated at the Bellamy Creek Correctional Facility (IBC); Johnson (#239323) was discharged on March 7, 2012.

**2.**     By way of Magistrate Judge Hluchaniuk's October 14, 2010 order (Doc. Ent. 32), the

July 28, 2010 motion to amend complaint (Doc. Ent. 14) became the amended complaint and

CMS and Medical Director/Supervisor Doe were added as defendants in the case.

On March 15, 2011, Magistrate Judge Hluchaniuk entered an order (Doc. Ent. 80)

substituting defendant Valerie Watkins for Medical Director/Supervisor Doe and directing the

U.S. Marshal to effect service upon Watkins.

**3.**     On May 30, 2012, I entered an order (Doc. Ent. 145) which granted plaintiff Searcy's

December 2, 2011 motion (Doc. Ent. 129) to stay proceedings and provide plaintiffs with

instructions on how to proceed to the extent it sought an extension of the time within which to

file an amended complaint.  My order further directed plaintiff(s) to "file any amended complaint

no later than Friday, June 29, 2011[,]" and noted that any such amended complaint would

supercede any previous complaint, must comply with Fed. Rules Civ. P. 8(a) and 10(a), and may

be subjected to a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Additionally, any such complaint

was to be signed by each of the plaintiffs on behalf of whom it was brought.  *See* Doc. Ent. 145

at 15.[2]

**4.**     On June 28, 2012, plaintiff Searcy filed an amended complaint against MCJ, Hackel,

Aramark, CMS and Medical Director/Supervisor Doe (Watkins).  Doc. Ent. 149 at 1-9.

MCJ and Hackel filed an answer on July 12, 2012 (Doc. Ent. 155).  Aramark filed its

answer on August 3, 2012 (Doc. Ent. 159).

**C.     Pending Report and Recommendation**

---

[2]The copy of this order sent to Holland at the MCJ was returned to sender.  Doc. Ent. 148.

3

On January 17, 2013, I entered a report (Doc. Ent. 193) recommending that the Court deem moot in part and grant in part plaintiff Searcy's June 28, 2012 motion to dismiss (Doc. Ent. 15). Specifically, I recommended that the Court deem moot plaintiff's motion to the extent it seeks dismissal of this action as a class but grant plaintiff's motion to the extent it seeks dismissal of plaintiffs Witherspoon, Johnson, Sexton and Holland. I also recommended that such dismissal be with prejudice.

**D.      Pending Dispositive Motions**

On July 18, 2012, defendants CMS and Watkins filed a motion to dismiss. Doc. Ent. 156. On August 15, 2012, defendants MCJ and Hackel filed a motion to dismiss. Doc. Ent. 163.

On September 7, 2012, I entered an order (Doc. Ent. 167) granting plaintiff Searcy's August 20, 2012 motion (Doc. Ent. 164) for an enlargement of time to file responses. My order specifically provided plaintiff Searcy up to and including Wednesday, October 31, 2012 by which to file separate responses to defendants CMS and Watkins's July 18, 2012 motion to dismiss (Doc. Ent. 156) and defendants MCJ and Hackel's August 15, 2012 motion to dismiss (Doc. Ent. 163).[3]

On October 24, 2012, I entered an order (Doc. Ent. 172) granting in part plaintiff Searcy's October 18, 2012 motion for enlargement of time (Doc. Ent. 169). My order specifically provided plaintiff Searcy up to and including Friday, November 30, 2012 by which to file separate responses to defendants CMS and Watkins's July 18, 2012 motion to dismiss

---

[3]The copy of my order (Doc. Ent. 167) sent to MCJ was returned to sender. Doc. Ent. 168.

(Doc. Ent. 156) and defendants MCJ and Hackel's August 15, 2012 motion to dismiss (Doc. Ent. 163).[4]

On November 26, 2012, I entered an order (Doc. Ent. 181) denying plaintiff Searcy's November 9, 2012 motion to hold case in abeyance (Doc. Ent. 177), wherein I extended the deadline for plaintiff's response to December 14, 2012 and provided that no further extensions would be granted.  Doc. Ent. 181 at 5.[5]

**E.   Discussion**

**1.   Plaintiff Searcy's June 28, 2012 Amended Complaint (Doc. Ent. 149) alleges violations of the First, Eighth and Fourteenth Amendments.**

As an initial matter, the Court considers plaintiff Searcy's June 28, 2012 amended complaint to be nine (9) pages in length.[6]  Although the complaint expressly alleges violations of plaintiff's Eighth Amendment and Fourteenth Amendment rights, *see* Doc. Ent. 149 at 1 & 8, some of plaintiff Searcy's allegations appear to be based upon an alleged violation of his First Amendment rights, *see*, *i.e.*, Doc. Ent. 149 ¶¶ 5, 7 & 8.

Generally, after asserting that the December 2009 closure of MCJ's food service facility was "due to the infectious spread of Black Mold[,]" plaintiff represents that he "was already

_____

[4]The copy of my order (Doc. Ent. 172) sent to Holland at MCJ was returned to sender and stamped, "No Longer At This Address" (Doc. Ent. 174), sent to Searcy was returned with the stamp, "Released" (Doc. Ent. 175); and sent to Sexton was returned to sender and stamped, "Paroled/Discharged" (Doc. Ent. 178).

[5]The copies of my order (Doc. Ent. 181) mailed to Holland at MCJ (Doc. Ent. 183), to Sexton (Doc. Ent. 185), and to Searcy at Salvation Army Harbor Light (Doc. Ent. 187) were returned to the Court.

[6]The filing is twenty-four (24) pages in length.  However, six (6) of those pages are duplicates of pages from the March 29, 2010 original complaint (*compare* Doc. Ent. 1 at 3-8, Doc. Ent. 149 at 10-15) and nine (9) of those pages are duplicates of pages from the July 28, 2010 motion to amend/amended complaint (*compare* Doc. Ent. 14 at 1-9, Doc. Ent. 149 at 16-24).

living under inadequate ventilation, heating, cooling, medical care, restrictions on religious

freedom, retaliation for filing grievance from a very poorly designed grievance process,

inadequate fire and alarm system and a very, very poor and inadequate Law Library." Doc. Ent.

149 at 2.

      Specifically, plaintiff Searcy complains of, *inter alia*:

      (1) black mold in the kitchen at MCJ, which was "not revealed to Plaintiff and this hazard directly and specifically affected Plaintiff," because he ate from the kitchen and also that "Aramark and [MCJ] were looking at calories not Plaintiff[']s health[,]" (¶ 1);

      (2) CMS's failure to provide health care to prisoners, and he was "not afforded the opportunity to use CMS services[,]" including the allegation that "CMS, as well as all Defendants, failed to even make an attempt to educate Plaintiff, in any manner, via notice, memorandum, open talk or any other method on the dangers of these multiple health hazards, their side effects or what Plaintiff should do in the case of precaution[,]" (¶ 2);

      (3) the presence of E. Coli[7] at MCJ, including the allegation that defendants did not mention it and, when considered in conjunction with the presence of Black Mold, "Defendants were not concerned about the health and well being of Plaintiff[,]" (¶ 3);

      (4) inadequate ventilation, heating and cooling at MCJ, including the allegation that "[t]he ventilation was so poor that Plaintiff remained ill and could receive no assistance from [CMS]. Visually, it could be clearly seen that Plaintiff was ill, however, Defendants did nothing[,]" (¶ 4);

      (5) not being permitted to practice his religious beliefs (Judaism) at MCJ, including allegations that there were problems receiving Jewish services, there were "no books, services, advice, counseling or any other practice for Jewish prisoners[,]" and "anything about Jews w[as] a laughing stock to the jail and requesting Chaplain services was a headache to Defendants[,]" (¶ 5);

---

     [7] E. coli is also called escherichia coli. *See* http://www.nlm.nih.gov/medlineplus/ecoliinfections.html. Escherichia coli is "[a] bacterium which normally inhabits the intestine of man. Occasionally, however, this organism causes an infection in the urinary system, especially in infants and females." Schmidt's Attorneys' Dictionary of Medicine, Volume 2, E-165 (1995).

(6) dangerous conditions at MCJ, such as inadequate fire detection and alarm systems, the presence of rust and corrosion and poor water quality (¶ 6);

(7) an inadequate grievance procedure at MCJ, the use or mention of which resulted in retaliation (¶ 7), and

(8) denial of access to the Court while at MCJ, based on limited access to and poor qualify of its Law Library (¶ 8).

Doc. Ent. 149 at 2-8 ¶¶ 1-8.

Plaintiff claims to have had "very serious mental concerns, stress, worry, depression, and hostility" about the food he was eating, Doc. Ent. 149 at 3; alleges that defendants "persistently provided Plaintiff with this unhealthy diet claiming it to be healthy, however, this cold repetitive diet cause Plaintiff physical sickness and increased mental problems[,]" and he saw "rapid weight gain, higher blood pressure, constipation, headaches, and heart problems[;]" Doc. Ent. 149 at 4-5; and to have "remained stressed, depressed, worried, hostile, fatigue, physically drained, in fear, constantly hungry and experienced a host of other physical/mental situations that [he] is not qualified to diagnose." Doc. Ent. 149 at 7-8. Plaintiff seeks compensatory and various forms of injunctive relief, including an investigation by an outside agency not affiliated with MCJ or Macomb County. Doc. Ent. 149 at 8-9.

**2.     Defendants MCJ and Hackel's August 15, 2012 Motion to Dismiss (Doc. Ent. 163) argues that plaintiff Searcy has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).**

In their August 15, 2012 motion to dismiss, defendants MCJ and Hackel seek dismissal with prejudice of plaintiff's claims against them. *See* Doc. Ent. 163 at 3, 12. They claim that MCJ "is not a legal entity amenable to civil action; accordingly, [MCJ] must be dismissed as Plaintiffs fail to state a claim upon which relief may be granted." Doc. Ent. 163 at 2 ¶ 6. Furthermore, they claim that plaintiff's June 28, 2012 amended complaint (Doc. Ent. 149)

7

"reflects no particularized factual allegations implicating Hackel in any manner of unlawful conduct causally related to Plaintiffs' alleged constitutional deprivations; accordingly, Hackel must be dismissed." Doc. Ent. 163 at 2 ¶ 7.

**3.   To date, plaintiff has not filed a response to defendants MCJ and Hackel's August 15, 2012 motion to dismiss (Doc. Ent. 163).**

**a.   The docket in this case shows thirty-eight (38) mailings by this Court which have been returned as undeliverable.**  For example, in eight (8) instances, mail sent to Searcy has been returned to the Court. *See* Doc. Entries 99, 105, 106, 113 and 116, *as well as* Doc. Entries 28, 175 and 187.  In five (5) instances, mail sent to Witherspoon has been returned to the Court. *See* Doc. Entries 86, 96, 107, 134 and 142.  In apparently two (2) instances, mail sent to Johnson has been returned to the Court. *See* Doc. Ent. 153; *see also* Doc. Ent. 19.  In six (6) instances, mail sent to Sexton has been returned to the Court. *See* Doc. Entries 18, 135, 140, 157, 178 and 185.  Finally, in apparently seventeen (17) instances, mail sent to Holland has been returned to the Court. *See* Doc. Entries 67, 68, 75, 82, 85, 95, 114, 133, 141, 147, 148, 174 and 183;[8] *see also* Doc. Entries 20, 112, 158 and 168.

As recently as May 21, 2012, I entered an order (Doc. Ent. 143) directing the Clerk of the Court to update plaintiffs' contact information and reminding plaintiffs of their obligation to notify the court of change of address.  Copies of this order were served on May 22, 2012 to each of the five (5) plaintiffs.  The docket does not indicate that any such copies were returned as undeliverable.

---

[8]Holland's copies of the Court's January 21, 2011 and January 24, 2011 orders (Doc. Entries 60 and 61) mailed to MCJ were returned to the Court marked, "NOT HERE."  Doc. Ent. 67. Furthermore, Holland's copies of the Court's January 19, 2011 orders (Doc. Entries 56, 57, 58 and 59) mailed to MCJ were returned to the Court marked, "RELEASED."  Doc. Ent. 68.

**b.      Had no scheduling orders been entered and no motions to extend been filed, the due date for plaintiff Searcy's response to MCJ and Hackel's August 15, 2012 motion to dismiss (Doc. Ent. 163) would have been on or about Monday, September 10, 2012.  E.D. Mich. LR 7.1(e)(1)(B), Fed. R. Civ. P. 6(d).**  Plaintiff is presumed to know the rules of this Court.[9]  One of this Court's Local Rules provides that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available[,]" E.D. Mich. LR 7.1(c)(1), and the same rule provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion[,]" E.D. Mich. LR 7.1(e)(1)(B).  Therefore, even if plaintiff Searcy did not receive copies of my order (Doc. Ent. 167)[10] granting plaintiff Searcy's motion for an enlargement of time to file responses OR my order (Doc. Ent. 172)[11] granting in part plaintiff Searcy's motion for enlargement of time OR my order (Doc. Ent. 181)[12] denying plaintiff Searcy's motion to hold case in abeyance, plaintiff Searcy was presumed to know the due date for a response to defendants' various motions to dismiss.

---

[9]"[P]ro se litigants are presumed to have full knowledge of applicable court rules and procedures.  Therefore, although the plaintiff is proceeding pro se, he must follow the Federal Rules and procedural rules of the Central District of Illinois."  *Moralis v. Flageole*, No. 06-2034, 2007 WL 2893652, 3 (C.D. Ill. Sept. 28, 2007).  Also, "[l]itigants are presumed to know the tax laws and the Rules, even when proceeding pro se."  *Bussell v. C.I.R.*, No. 15462-02, 2005 WL 775755, 12 (U.S.Tax Ct. April 7, 2005).

[10]The copy of my order (Doc. Ent. 167) sent to MCJ was returned to sender.  Doc. Ent. 168.

[11]The copy of my order (Doc. Ent. 172) sent to Holland at MCJ was returned to sender and stamped, "No Longer At This Address" (Doc. Ent. 174), sent to Searcy was returned with the stamp, "Released" (Doc. Ent. 175); and sent to Sexton was returned to sender and stamped, "Paroled/Discharged" (Doc. Ent. 178).

[12]The copies of my order (Doc. Ent. 181) mailed to Holland at MCJ (Doc. Ent. 183), to Sexton (Doc. Ent. 185), and to Searcy at Salvation Army Harbor Light (Doc. Ent. 187) were returned to the Court.

**c.      Thus far, this Court has three (3) times addressed the due date for a response to defendants MCJ and Hackel's August 15, 2012 motion to dismiss (Doc. Ent. 163).**  First, my September 7, 2012 order set the deadline for plaintiff's response for October 31, 2012 (Doc. Ent. 167).  Second, my October 24, 2012 order set the deadline for plaintiff's response for November 30, 2012 (Doc. Ent. 172).  Third, my November 26, 2012 order set the deadline for plaintiff's response for December 14, 2012 and provided that no further extensions would be granted Doc. Ent. 181 at 5).

**d.      It cannot be said that the Court misaddressed plaintiff's copies of these orders.** Even though the copy of my October 24, 2012 order (Doc. Ent. 172) mailed to Searcy at apparently JCS (Doc. Ent. 175) was returned to the Court, at the time of my October 24, 2012 order plaintiff's address of record was JCS (*see* Doc. Ent. 170).  And, even though the copy of my November 26, 2012 order (Doc. Ent. 181) mailed to Searcy at Salvation Army Harbor Light (Doc. Ent. 187) was returned to the Court, at the time my November 26, 2012 order was entered, plaintiff's address of record was Salvation Army Harbor Light, 42590 Stepnitz, Clinton Township, Michigan 48036 (*see* Doc. Entries 176 and 177).

**e.      Plaintiff still has not filed a response to MCJ and Hackel's August 15, 2012 dispositive motion (Doc. Ent. 163).**  Since, the entry of my order (Doc. Ent. 181) setting plaintiff's response deadline for December 14, 2012, plaintiff has filed several matters: a December 3, 2012 motion for appointment of counsel (Doc. Ent. 184); two notices of change of address/contact information (Doc. Entries 186 filed on December 3, 2012 [to Detroit Reentry Center (PRF)] and 188 filed on December 21, 2012 [to RGC]); a January 7, 2013 motion to continue and proceed (Doc. Ent. 189); a January 7, 2013 motion to obtain court documents (Doc.

Ent. 190); and a January 10, 2013 motion to order the MDOC to provide plaintiff with law library access (Doc. Ent. 192).

In his January 7, 2013 motion to continue and proceed (Doc. Ent. 189), plaintiff Searcy does contend that he did not receive anything from this Court between the time he received the September 7, 2012 order (Doc. Ent. 167) and the copy of a docket sheet on December 28, 2012.[13] That he did not receive copies of the Court's October 24, 2012 order (Doc. Ent. 172) or the Court's November 26, 2012 order (Doc. Ent. 181) is consistent with this claim and is evidenced by the return of plaintiff's copies to this Court (Doc. Entries 175 and 187).

The relief sought by plaintiff Searcy's recent filings - the December 3, 2012 motion for appointment of counsel (Doc. Ent. 184); his December 21, 2012 request for a copy of the docket sheet (Doc. Ent. 188); his January 7, 2013 motion to continue and proceed (Doc. Ent. 189 at 1-4);[14] his January 7, 2013 motion to obtain court documents (Doc. Ent. 190); and his January 10, 2013 motion to order the MDOC to provide him with law library access (Doc. Ent. 192)[15] - will be addressed under separate cover.

---

[13]The Court assumes plaintiff Searcy received a copy of the docket sheet in this case based upon the request posed in his December 21, 2012 notice of change of address/contact information. *See* Doc. Ent. 188.

[14]Attached to this motion is a copy of a Segregation Law Library Request Form (CSJ-601). Doc. Ent. 189 at 9. *See also* MDOC PD 05.03.115 ("Law Libraries"), effective Nov. 1, 2010, ¶¶ R-V ("Prisoners in Segregation").

[15]Attached to this motion is a copy of a December 26, 2012 MDOC Memorandum from an RGC Administrative Assistant to plaintiff Searcy, wherein Searcy is informed that "prisoners in RGC have access to the Law Library by requesting a *Segregation Law Library Request* form from the officer's desk or the Law Library. Once you have completed the form, pl[ace] it in the mailbox. Law Library staff will deliver and pick up loaned material three times a week on Monday, Wednesday, and Friday." Doc. Ent. 192 at 3.

**4.    Upon consideration, the Court should grant MCJ and Hackel's August 15, 2012 motion to dismiss (Doc. Ent. 163) to the extent plaintiff Searcy sues these defendants in their individual or personal capacities for damages.**

**a.    As an initial matter, the foregoing sections set forth the ample opportunity plaintiff was given to file a response to MCJ and Hackel's August 15, 2012 dispositive motion (Doc. Ent. 163).**  At some point, defendants MCJ and Hackel are entitled to a decision on their August 15, 2012 dispositive motion (Doc. Ent. 163).  That they are anticipating a decision on their August 15, 2012 motion (Doc. Ent. 163) is consistent with their October 22, 2012 opposition to plaintiff's October 18, 2012 motion for enlargement of time (Doc. Ent. 169), *see* Doc. Ent. 171, and their November 15, 2012 and November 26, 2012 opposition to plaintiff's November 9, 2012 motion to hold case in abeyance (Doc. Ent. 177), *see* Doc. Entries 179 and 182.  *See also* Doc. Ent. 191 ¶¶ 9, 11.

Also, in response to plaintiff Searcy's January 7, 2013 motion to continue and proceed (Doc. Ent. 189), MCJ and Hackel contend that, "during the nearly five months since Defendants filed and served their motion to dismiss on him . . . Plaintiff had done nothing to respond."  Doc. Ent. 191 at 5.  They point to plaintiff's admission that he "has been incarcerated since [September 25, 2012]," Doc. Ent. 189 at 7-8 ¶¶ 12-13, "a date twenty days after his original court rule imposed response deadline."  Doc. Ent. 191 at 5 (E.D. Mich. 7.1(e)(1)(B)).[16] Additionally, MCJ and Hackel contend that, apparently from the time of his February 29, 2012 parole,[17] up until September 25, 2012:

---

[16]Defendants MCJ and Hackel's calculation appears to be based upon the ten (10) days between a response due date of September 5, 2012 (twenty-one (21) days after the filing of the August 15, 2012 dispositive motion) and his September 25, 2012 incarceration.

[17]Plaintiff Searcy's notices of change of address/contact information during this time support plaintiff's location at private addresses.  *See* Doc. Ent. 137 (filed March 1, 2012 [from Macomb

> Plaintiff was unencumbered by governmental custody and had unfettered access
> to the Macomb County Circuit Court law library housed in County Courthouse
> located in Mt Clemens, Michigan.  Moreover, Plaintiff had time and enjoyed
> freedom of movement since during this time he was able to investigate a witness
> who claimed to have knowledge bearing upon his claims.

Doc. Ent. 191 at 5 (citing Doc. Ent. 189 at 4, Doc. Ent. 189 at 8 ¶ 15).

Moreover, defendants MCJ and Hackel contend that plaintiff Searcy is "now safely ensconced in a facility which offers legal research facilities and such materials will even be delivered to his quarters."  Doc. Ent. 191 at 6 (citing Doc. Ent. 189 at 9 [SEGREGATION LAW LIBRARY REQUEST FORM]).  Accordingly, they contend, "Plaintiff now has the time, opportunity, and means to prepare and file his response."  Doc. Ent. 191 at 6.[18]

**b.      Furthermore, plaintiff Searcy has not stated a claim against MCJ or the Macomb County Sheriff's Office upon which relief may be granted.**  First, defendants contend that MCJ, as a building, "is not a sentient being capable of conducting itself in a manner resulting in a civil rights violation."  Doc. Ent. 163 at 10.  They are correct.  "A jail is a building; it is not a 'person' under § 1983 or a suable entity."  *Prentice v. Jones*, No. 2:06-cv-421, 2007 WL 1141595, 2 (N.D. Ind. Apr. 16, 2007) (referencing *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993)).

Second, defendants correctly point out that a 42 U.S.C. § 1983 lawsuit cannot be maintained against the Macomb County Sheriff's Office.  *See* Doc. Ent. 163 at 10-11 (citing

---

Correctional Facility (MRF) to 6902 Chicago Road]), Doc. Ent. 151 (filed July 2, 2012 [from Chicago Road to 19832 Nicke Street]).

[18]On January 22, 2013, plaintiff Searcy filed a reply (Doc. Ent. 195) to defendants MCJ and Hackel's January 10, 2013 response (Doc. Ent.191) to plaintiff Searcy's January 7, 2013 motion to continue and proceed (Doc. Ent. 189).  On January 23, 2013, defendants CMS and Watkins filed a response (Doc. Ent. 195) to plaintiff's January 7, 2013 motion to continue and proceed (Doc. Ent. 189).

*Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 803 F.Supp. 1251 (E.D. Mich. 1992) (Edmunds, J.)[19] and *Pierzynowski v. Police Dept. City of Detroit*, 941 F.Supp. 633 (E.D. Mich. 1996) (Gadola, J.)).[20]

**c.      However, plaintiff Searcy has stated a municipal liability claim against Macomb County upon which relief may be granted.**   In order to be successful in a claim against Macomb County,[21] plaintiff Searcy's June 28, 2012 amended complaint (Doc. Ent. 149) would need to properly allege a claim of municipal liability.  As the Supreme Court of the United States has directed, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694-695 (1978).

---

[19]"[T]he police department is not a legal entity against whom a suit can be directed."  *Haverstick Enterprises, Inc.*, 803 F.Supp. at 1256 (citing *Moomey v. City of Holland*, 490 F.Supp. 188 (W.D. Mich. 1980)).

[20]"The City of Detroit Police Department is not a legal entity against which a suit can be directed."  *Pierzynowski v. Police Dept. City of Detroit*, 941 F.Supp. 633, 637 n.4 (E.D. Mich. 1996) (citing *Haverstick Enterprises, Inc.*, 803 F.Supp. at 1256).

[21]The Court considers the possibility that plaintiff Searcy intended to name Macomb County as a defendant, because the Supreme Court of the United States has stated that "the allegations of the pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980), *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

14

Citing *Monell* and other cases,[22] defendants argue that plaintiffs "fail utterly to plead a claim against the County [of Macomb] upon which relief may be granted."  Doc. Ent. 163 at 10-11.

Plaintiff Searcy's amended complaint does allege "neglect, poor sanitation and poor health inspections[,]" Doc. Ent. 149 at 3; *see also* Doc. Ent. 149 at 7 ¶ 6; and it alleges that defendants "persistently provided Plaintiff with this unhealthy diet claiming it to be healthy," Doc. Ent. 149 at 4 ¶ 1, and that defendants "were not concerned about the health and well being of Plaintiff[,]" Doc. Ent. 149 at 6 ¶ 3.  Additionally, plaintiff Searcy contends, MCJ has "a very inadequate grievance procedure[,]" Doc. Ent. 149 at 7 ¶ 7; *see also* Doc. Ent. 149 at 8 ¶ 7, and has an inadequate law library to which he had limited access, Doc. Ent. 149 at 7 ¶ 8. Furthermore, plaintiff Searcy alleges that "it is evident that these health hazards have a longevity resting period and these remaining violations are of long duration, therefore, these are not newly 'one day' developments."  Doc. Ent. 149 at 8.  Along the way, plaintiff Searcy alleges that these conditions of confinement at MCJ constitute violations of the Eighth Amendment (cruel and unusual punishment) and Fourteenth Amendment (due process and equal protection).  *See, i.e.,* Doc. Ent. 149 at 1 , 3 ¶ 1, 6 ¶ 2 and 8.  Furthermore, some of plaintiff's claims seemingly contend that the conditions of confinement at MCJ constituted a violation of his First

---

[22]*See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-484 (1986) ("municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 380 (1989) (under certain circumstances, a municipality may be held liable under 42 U.S.C. § 1983 "for constitutional violations resulting from its failure to train municipal employees."); *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 130 (1992) ("the Due Process Clause does not impose an independent federal obligation upon municipalities to provide certain minimal levels of safety and security in the workplace and the city's alleged failure to train or to warn its sanitation department employees was not arbitrary in a constitutional sense.").

Amendment rights to "free exercise" and to "petition the Government for a redress of grievances[,]" including the denial of access to the Court.  *See* Doc. Ent. 149 at 6-7 ¶¶ 5, 7 & 8.

For these reasons, it can be said that the June 28, 2012 amended complaint (Doc. Ent. 149) sets forth "a deliberate choice to follow a course of action [which was] made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Pembaur*, 475 U.S. at 483-484.

**d.    Finally, plaintiff has not stated a claim against defendant Hackel upon which relief may be granted.**  First, defendants MCJ and Hackel correctly observe that, while the amended complaint identifies Hackel as a defendant within the case caption (*see* Fed. R. Civ. P. 10(a)), the text of the amended complaint "omits any reference to Hackel and it reflects no particularized factual allegations regarding any involvement by him in the underlying events of which [plaintiff Searcy] complains."  Doc. Ent. 163 at 7.  In other words, MCJ and Hackel claim, plaintiffs "fail to present any claim that Hackel engaged in any manner of constitutionally offensive activities[.]"  Doc. Ent. 163 at 11.

Relatedly, to the extent Hackel is named in his capacity as the Macomb County Sheriff,[23] defendants MCJ and Hackel cite *Rizzo v. Goode*, 423 U.S. 362 (1976)[24] and point out that there

---

[23]Mark A. Hackel was the Macomb County Sheriff from 2001 to 2011, when Anthony Wickersham was appointed as the Macomb County Sheriff.  *See* www.macombsheriff.com, Other Information, History & Administration.

[24]"The principal petitioners [w]ere the Mayor, the City Managing Director, and the Police Commissioner [who had been] charged with conduct ranging from express authorization or encouragement of this mistreatment to failure to act in a manner so as to assure that it would not recur in the future."  *Rizzo*, 423 U.S. at 367.  The Supreme Court "granted certiorari to consider petitioners' claims that the judgment of the District Court represents an unwarranted intrusion by the federal judiciary into the discretionary authority committed to them by state and local law to perform their official functions. We find ourselves substantially in agreement with these claims, and we therefore reverse the judgment of the Court of Appeals."  *Rizzo*, 423 U.S. at 366.

must be personal involvement, not just vicarious liability.[25]  Likewise, defendants MCJ and

Hackel point out that "[g]overnment officials may not be held liable for the unconstitutional

conduct of their subordinates under a theory of respondeat superior."  *Ashcroft v. Iqbal*, 556 U.S.

662, 676 (2009); *see also Monell*, 436 U.S. at 691 ("municipality cannot be held liable solely

because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under §

1983 on a respondeat superior theory.").  Furthermore, MCJ and Hackel cite *Shehee v. Luttrell*,

199 F.3d 295 (6th Cir. 1999), wherein the Sixth Circuit addressed supervisory liability:

> This court has held that § 1983 liability must be based on more than respondeat
> superior, or the right to control employees. . . . Thus, a supervisory official's
> failure to supervise, control or train the offending individual is not actionable
> unless the supervisor "either encouraged the specific incident of misconduct or in
> some other way directly participated in it.  At a minimum a plaintiff must show
> that the official at least implicitly authorized, approved, or knowingly acquiesced
> in the unconstitutional conduct of the offending officers."

*Shehee*, 199 F.3d at 300 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th

Cir.1982)).  Accordingly, MCJ and Hackel maintain, plaintiffs "cannot impose liability on

Hackel for the alleged jail conditions created or otherwise maintained by others in subordinate

positions."  Doc. Ent. 163 at 11-12.

    Second, having noted the absence of reference to Hackel and of particularized allegations

against him, and citing *Wilson v. Seiter*, 501 U.S. 294 (1991),[26] defendants MCJ and Hackel

correctly argue that plaintiff Searcy's amended complaint does not present a claim that Hackel

---

[25]"Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof
of personal involvement is required for a supervisor to incur personal liability."  *Miller v. Calhoun
County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) (citing *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76,
80–81 (6th Cir.1995)).

[26]The subjective component of an Eighth Amendment prison claim is, "Did the officials act
with a sufficiently culpable state of mind?"  *Wilson*, 501 U.S. at 298.

acted "with a sufficiently culpable state of mind, resulting in the harm of which they complain." Doc. Ent. 163 at 11, 12.

In sum, as MCJ and Hackel point out, "[i]t is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *see also* Doc. Ent. 163 at 9-10. Here, defendants MCJ and Hackel are correct in their position that "to present a viable § 1983 claim[,] Plaintiffs must allege facts, not simply intimations, that show that Hackel was personally involved in the deprivation of their rights, and he acted with deliberate indifference to their safety and health." Doc. Ent. 163 at 12.

**5.    The Eleventh Amendment bars plaintiff Searcy's claims for damages against defendants in their official capacities.**

Plaintiff's June 28, 2012 amended complaint states that all defendants are sued in their individual and official capacities. Doc. Ent. 149 at 1. As noted above, plaintiff Searcy seeks compensatory and injunctive relief. Doc. Ent. 149 at 8-9.

Even though defendants MCJ and Hackel's August 15, 2012 motion to dismiss (Doc. Ent. 163) does not mention the Eleventh Amendment, the Court may dismiss defendants MCJ and Hackel to the extent plaintiff Searcy is suing them for damages in their official capacities. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States  by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Welch v.*

18

*Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion). Further, as the Supreme Court made clear in *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the Eleventh Amendment bars suits against state officials sued in their official capacity. *See id*. at 71; *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000). The Eleventh Amendment does not bar suit when a state consents to suit in federal court, and a state may do so by accepting federal funds pursuant to a federal statute which unequivocally subjects a state to suit for monetary damages. However, the Supreme Court recently held that RLUIPA does not meet this stringent test, and thus acceptance of federal funds does not subject a state, and by extension its officials acting in their official capacities, to suit for monetary damages. *See Sossamon v. Texas*, 131 S.Ct. 1651, 1658-61 (2011).

**6.     Plaintiff Searcy's claims for injunctive relief were rendered moot by his transfer from MCJ.**

Plaintiff's claims for injunctive relief against MCJ and Hackel were rendered moot by plaintiff's transfer from MCJ. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."). Defendants MCJ and Hackel are associated with Macomb County, a subdivision of the State of Michigan; however, plaintiff is currently in the custody of the MDOC, confined at RGC. Therefore, plaintiff's complaint is moot to the extent it seeks injunctive relief against defendants MCJ or Hackel, in his capacity as the former Macomb County Sheriff.

**7.     The Court should deny MCJ and Hackel's request for costs and fees as premature.**

I also note defendants MCJ and Hackel's request for "an award of costs and reasonable attorneys fees as occasioned by the necessity of defending this matter from its inception." Doc.

19

Ent. 163 at 3, 12-13.  The Court should deny this request for costs and fees as premature.  Should

the Court enter judgment in favor of defendants MCJ and Hackel, they may present a bill of

costs to the clerk of this Court pursuant to 28 U.S.C. § 1920 ("Taxation of costs") and Fed. R.

Civ. P. 54(d)(1).  If MCJ and Hackel seek attorney fees pursuant to 42 U.S.C. § 1988

("Proceedings in vindication of civil rights"), they should follow the procedure set forth in Fed.

R. Civ. P. 54(d)(2).

## III.    **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United

States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but

fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.

Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829

F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections

is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:1/24/13

The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record and by
electronic means or U.S. Mail and on January 24, 2013

s/Eddrey Butts
Case Manager

21