UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY (#1954690,
KENNETH WITHERSPOON (#713949),
WILLIAM JOHNSON (#239323),
SHANNON SEXTON (#197754), and
JAMES HOLLAND,

        Plaintiffs,

v.                                                         Case No. 10-CV-11242
                                                        Honorable Denise Page Hood

MACOMB COUNTY JAIL, MARK A. HACKEL,
ARAMARK CORPORATION, CORRECTIONAL
MEDICAL SERVICES, INC., and VALERIE
WATKINS,

        Defendants.
_____/

**ORDER ACCEPTING THE REPORTS AND RECOMMENDATIONS, GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS, AND GRANTING DEFENDANTS' MOTIONS TO DISMISS**

**I.  INTRODUCTION**

Now before the Court are the Reports and Recommendations of Magistrate Judge Paul J. Komives. [Docket Nos. 193, 196 and 197] For the reasons stated below, the Court ADOPTS the Magistrate Judge's Reports and Recommendations in their entirety.

**II.  BACKGROUND**

The Magistrate Judge describes the background of this case in great detail.[1]  Plaintiff makes no objection to the Magistrate Judge's findings of fact.  The Court adopts the Magistrate Judge's findings of fact in their entirety.

---

[1] *See Searcy et al. v. Macomb County Jail et al.*, Case No. 10-11242, Docket Nos. 193, 196 and 197.

**III.    STANDARD OF REVIEW**

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  Objections to the Report and Recommendation must be timely and specific. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.") "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is" insufficient. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A party's failure to file any objections waives his or her right to further appeal, *Smith*, 829 F.2d at 1373, and  relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985)

**IV.    ANALYSIS**

    **A.    Plaintiff's Motion to Dismiss**

Plaintiff filed a Motion to Dismiss on June 28, 2012, asking that the Court to dismiss this action as a class and to dismiss plaintiffs Kenneth Witherspoon, William Johnson, Shannon Sexton, and James Holland from this action.  The Magistrate Judge recommends that the Court deem Plaintiff's motion moot to the extent that it seeks dismissal of the class because the Court has already

denied Plaintiff's request for class certification. The Magistrate Judge further recommends that the Court dismiss with prejudice plaintiffs Witherspoon, Johnson, Sexton, and Holland. None of the Plaintiffs nor Defendants have filed an objection to the Magistrate Judge's recommendation. The Magistrate Judge's findings of fact and conclusions of law are well supported. The Court accepts the Magistrate Judge's findings of fact and conclusions of law in their entirety. Therefore, Plaintiff's Motion to Dismiss is deemed moot to the extent that Plaintiff seeks dismissal of the nonexistent class. Plaintiffs Witherspoon, Johnson, Sexton, and Holland are dismissed from the complaint with prejudice.

**B.     Macomb County Jail and Mark Hackel's Motion to Dismiss**

On August 15, 2012, Defendants Hackel and Macomb County Jail filed a Motion to Dismiss Plaintiff's Amended Complaint. The Magistrate Judge recommends that the Court grant the Motion to Dismiss on two separate grounds: Plaintiff's failure to respond to the motion and failure to state a claim against either Hackel or Macomb County. The Magistrate Judge also recommends that the Court construe Plaintiff's Complaint as stating a claim for municipal liability against Macomb County. Neither of Hackel nor Macomb County Jail have filed an objection to the Report and Recommendation. In his response to the Magistrate Judge's Report and Recommendation, Plaintiff indicates that he "agree's [sic] with the Magistrate's decision". [Docket No. 200, Pg ID 1024]. Plaintiff does point out that he was not able to file a response to the motion to dismiss because he was incarcerated and did not have access to a suitable law library. Even if the Court were to accept Plaintiff's reasons for failing to file a response as required by the local court rules, *see* E.D. Mich. L.R. 7.1(c)(A), Plaintiff concedes that he agrees with the Magistrate Judge's final determination that he has failed to state a claim against Defendants Macomb County Jail and Hackel. The Court

3

accepts the Magistrate Judge's recommendation in its entirety and grants Defendants Macomb County Jail and Hackel's Motion to Dismiss.

### C.     Correctional Medical Service and Valerie Watkins's Motion to Dismiss

On July 18, 2012, Defendants Correctional Medical Services (CMS) and Valerie Watkins filed a Motion to Dismiss Plaintiff's Amended Complaint. The Magistrate Judge recommends that the Court grant the Motion to Dismiss on several grounds. First, Plaintiff failed to respond to the motion to dismiss. *See* E.D. Mich. L.R. 7.1(c)(A). Second, as to Plaintiff's deliberate indifference to a serious medical need claim, Plaintiff has not alleged a serious medical need or identified a policy that, when applied to Plaintiff, resulted in the constitutional deprivation that he complains. Third, Plaintiff's Amended Complaint does not allege that Watkins had any personal involvement in the alleged constitutional deprivation. Finally, Plaintiff's claim for damages is barred by the Eleventh Amendment to the extent he sues Defendants in their official capacities and his claim for injunctive relief is moot because he is no longer incarcerated at Macomb County Jail.

In his response to the Report and Recommendation, Plaintiff notes that he does not have CMS and Watkins's Motion to Dismiss and no longer remembers what it contained. He further expresses that he does not have access to an adequate library. However, Plaintiff urges the Court to "adopt the R&R issued by the Magistrate Judge Paul J. Komives". [Docket No. 202, Pg ID 1030] Plaintiff indicates the he will reserve his objections for appeal. The Magistrate Judge warned Plaintiff that failure to file specific objections would waive his right to further appeal. *Arn*, 474 U.S. at 149. Plaintiff has failed to file any specific objections and urges the Court to accept the Report and Recommendation. The Court finds that the Report and Recommendation is well supported and adopts it as this Court's findings of fact and conclusions of law.

4

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss [Docket No. 150, filed June 28, 2012] is **GRANTED IN PART**. Defendants **Kenneth Witherspoon**, **William Johnson, Shannon Sexton,** and **James Holland** are **DISMISSED** from this action **WITH PREJUDICE**. Plaintiff's request for dismissal is **DEEMED MOOT** to the extent that Plaintiff seeks dismissal based on status as a class.

**IT IS FURTHER ORDERED** that Defendants Macomb County Jail and Mark A. Hackel's Motion to Dismiss [Docket No. 163, filed August 15, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Correctional Medical Services and Valerie Watkins's Motion to Dismiss [Docket No. 156, filed July 18, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to **ADD** Macomb County as a defendant in this matter. Aramark Corporation and Macomb County are the only remaining Defendants.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager