UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY (#195469),
KENNETH WITHERSPOON (#713949),
WILLIAM JOHNSON (#239323),
SHANNON SEXTON (#197754) and
JAMES HOLLAND,

                            CASE NO. 2:10-CV-11242
        Plaintiffs,     JUDGE DENISE PAGE HOOD
                            MAGISTRATE JUDGE PAUL J. KOMIVES

v.

MACOMB COUNTY JAIL,
MARK A. HACKEL,
ARAMARK CORPORATION,
CORRECTIONAL MEDICAL SERVICES, INC.,
VALERIE WATKINS and
MACOMB COUNTY,

        Defendants,
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S DECEMBER 3, 2012, JANUARY 7, 2013 and JANUARY 10, 2013 MOTIONS (Doc. Entries 184, 189, 190 and 192)**

**I.    OPINION**

**A.    On March 29, 2010, plaintiff filed three (3) cases in this Court.**

On March 24, 2010, Lavelle Searcy (#195469) was sentenced to nineteen (19) to one hundred twenty (120) months for a September 25, 2009 violation of Mich. Comp. Laws § 750.357 ("Larceny from the person."). Case No. 09-004573-FH (Macomb County).

On March 29, 2010, while incarcerated at the Macomb County Jail (MCJ) in Mt. Clemens, Michigan, Searcy filed three (3) lawsuits in this Court: *Searcy, et al. v. Macomb County Jail, et al.*, Case No. 2:10-cv-11242-DPH-PJK, the instant case; *Searcy v. Macomb County Jail, et al.*, Case No. 5:10-cv-11243-JCO, a prisoner civil rights case which concerned a

kosher diet and was dismissed on March 31, 2012; and *Searcy v. Kroger Supermarket Chain, et al.*, Case No. 2:10-cv-11244-VAR-DRG, a 12 U.S.C. § 3410 ("Customer challenges") case, which stems from the alleged events of September 25, 2009 but was dismissed on April 9, 2010.

On February 29, 2012, plaintiff Searcy was paroled from the Michigan Department of Corrections (MDOC). *See* Doc. Ent. 189 at 3. However, the Offender Tracking Information System currently indicates that Searcy is assigned to the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. *See* www.michigan.gov/corrections, "Offender Search."

**B.     The instant case concerns alleged conditions at the Macomb County Jail (MCJ).**

**1.**     The original complaint in the instant case was filed by plaintiff Searcy, as well as plaintiffs Shannon Sexton, Kenneth Witherspoon, William Johnson and James Holland. Doc. Ent. 1 at 8.

On May 30, 2012, I entered an order which granted plaintiff Searcy's December 2, 2011 motion (Doc. Ent. 129) to stay proceedings and provide plaintiffs with instructions on how to proceed to the extent it sought an extension of the time within which to file an amended complaint. My order further directed plaintiff(s) to "file any amended complaint no later than Friday, June 29, 2011[,]" and noted that any such amended complaint would supercede any previous complaint, must comply with Fed. Rules Civ. P. 8(a) and 10(a), and may be subjected to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Additionally, any such complaint was to be signed by each of the plaintiffs on behalf of whom it was brought. *See* Doc. Ent. 145 at 15.

**2.** On June 28, 2012, plaintiff Searcy filed an amended complaint. Doc. Ent. 149 at 1-9.[1]
Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights. Doc. Ent. 149 at 1.
Among other things, he complains of black mold; health care services; E-Coli; inadequate
ventilation, heating and cooling; problems receiving Jewish services; inadequate fire detection
and alarm systems; an inadequate grievance procedure; and denial of access to the Court during
his incarceration at the MCJ. Doc. Ent. 149 ¶¶ 1-8.

MCJ and Hackel filed an answer on July 12, 2012. Doc. Ent. 155. Aramark filed its
answer on August 3, 2012. Doc. Ent. 159.

**C.    Over the course of this lawsuit, plaintiff has filed a multitude of notices of change of address/contact information.**

**1.** Throughout this case, plaintiff Searcy has filed notices of change of address/contact
information. *See* Doc. Entries 4 (from MCJ to Charles Egeler Reception & Guidance Center
(RGC)), 10 (from RGC to Pugsley Correctional Facility (MPF)), 11 (from MPF to Florence
Crane Correctional Facility (ACF)),[2] 122 (to Ionia Correctional Facility (ICF)), 131 (to Macomb
Correctional Facility (MRF)),[3] 132 (to MRF),[4] 137 (to 6902 Chicago Road, Warren, Michigan
48091), 151 (from Chicago Road in Warren to 19832 Nicke Street, Apt. 305, Clinton Township,

---

[1]Attached to the amended complaint are copies of six (6) pages of the March 29, 2010 complaint (Doc. Ent. 1 at 3-8, Doc. Ent. 149 at 10-15) and nine (9) pages of plaintiff's July 28, 2010 motion to amend complaint (Doc. Ent. 14).

[2]*See also* Doc. Ent. 37 (Searcy at Florence Crane Correctional Facility).

[3]In this February 3, 2012 filing, plaintiff requests a copy of the Court's November 17, 2011 order (Doc. Ent. 127), which he claims he did not receive. Doc. Ent. 131 at 2.

[4]By this February 3, 2012 document, plaintiff Searcy follows up on a January 15, 2012 request to change his address. Doc. Ent. 132.

Michigan 48035), 170 (to RGC), 173 (from RGC to the Ingham County Jail), 176 (to Salvation Army Harbor Light in Clinton Township, Michigan), 186 (to Ryan Correctional Facility), 188 (to RGC) and 207 (to ARF).

In fact, my May 30, 2012 order (Doc. Ent. 145) granting in part plaintiff Searcy's December 2, 2011 motion to stay proceedings and provide plaintiffs with instructions on how to proceed (Doc. Ent. 129) recognized that the notices of change of address/contact information sent to this Court have not always been properly recorded in this case. Doc. Ent. 145 at 4-5.

On October 26, 2012, plaintiff Searcy filed a notice that he was no longer at RGC and was currently at the Ingham County Jail (ICJ) "because the MDOC keeps bouncing [him] around[.]" Therein, he requests that his mail be sent to his parole agent, Julie Socia. *See* Doc. Ent. 173. **Understandably, the copy of this Court's October 24, 2012 order (Doc. Ent. 172) mailed to plaintiff Searcy at RGC on October 26, 2012 was returned the Court as undeliverable and stamped, "Released." Doc. Ent. 175.**

**2.** At the same time plaintiff Searcy filed his November 9, 2012 motion to hold case in abeyance (Doc Ent. 177), he also filed a notice that his address had temporarily changed to Salvation Army Harbor Light, 42590 Stepnitz, Clinton Township, Michigan 48036 (Doc. Ent. 176).

On November 26, 2012, I entered an order (Doc. Ent. 181) denying plaintiff Searcy's November 9, 2012 motion to hold case in abeyance (Doc. Ent. 177). **The copy of this order mailed to plaintiff Searcy at Salvation Army Harbor Light was returned to the Court as undeliverable. Doc. Ent. 187.**

4

**3.** On December 3, 2012, plaintiff Searcy notified the Court that his address had changed to the Ryan Correctional Facility (RRF) / Detroit Reentry Center (PRF). Within this filing, plaintiff Searcy seems to claim that he has not received any mail from the Court since its September 7, 2012 order (Doc. Ent. 167), which set the deadline for his responses for October 31, 2012. *See* Doc. Ent. 186.[5]

Then, on December 21, 2012, plaintiff Searcy notified the Court that his address had changed to RGC in Jackson, Michigan. Within this filing, he requests a copy of the docket sheet. *See* Doc. Ent. 188.

Finally, on February 27, 2013, plaintiff Searcy notified the Court that his address had changed to ARF in Adrian, Michigan. Doc. Ent. 207.

**D.     The Court Has Previously Ruled upon Two (2) Dispositive Motions in this Case.**

On May 30, 2012, I entered an opinion and order (Doc. Ent. 146) denying without prejudice defendant Watkins's September 20, 2011 motion to dismiss (Doc. Ent. 102).

On March 26, 2013, Judge Hood entered an order (Doc. Ent. 208) accepting the reports and recommendations (Doc. Entries 193, 196 & 197); granting in part plaintiff's motion to dismiss (Doc. Ent. 150) and dismissing with prejudice plaintiffs Witherspoon, Johnson, Sexton and Holland; granting defendants' motions to dismiss (Doc. Entries 156 & 163) and adding Macomb County as a defendant.

Thus, plaintiff Searcy is the only remaining plaintiff, and Aramark and Macomb County are the only remaining defendants.

---

[5] Assuming this is true, plaintiff Searcy did not receive copies of the Court's October 24, 2012 (Doc. Ent. 172) or November 26, 2012 (Doc. Ent. 181) orders.

**E.     There are Several Pending Motions.**

**1.     On December 3, 2012, while incarcerated at Ryan Correctional Facility (RRF) / Detroit Reentry Center (PRF), plaintiff Searcy filed another motion for the appointment of counsel. Doc. Ent. 184.[6]** To begin, plaintiff Searcy mentions his November 9, 2012 motion to hold case in abeyance (Doc. Ent. 177), wherein he alleged that a Nurse Phyllis has information about this case (Doc. Ent. 177 at 1). Doc. Ent. 184 at 1-2. According to plaintiff Searcy, the witness "worked with the CMS defendants [and] will testify to the corruption she saw during this time." Doc. Ent. 184 at 2.

Then, plaintiff Searcy takes issue with the actions of his Macomb County Parole Agent, Julie Socia. Doc. Ent. 184 at 2-4. Generally, plaintiff claims that Socia "knows that [he] has this job, apartment and responsibilities. She also knows that plaintiff has this civil case pending." Doc. Ent. 184 at 2. Searcy also states that Ms. Socia's office (the Macomb County Circuit Court Probation Department is located at 32 Market Street) is less than two blocks from the Macomb County Corporation Counsel's office (located at 1 South Main Street, 8th Floor), seemingly implying a connection between the two. Doc. Ent. 184 at 3. Plaintiff claims that "each facility that Julia Socia/MDOC has transferred [him] to, including [Ryan Correctional Facility (RRF) / Detroit Reentry Center (PRF)], none [have] provided access to a law library."[7] Plaintiff also claims that, "[w]henever [he] is released[,] he will be told he must find a job and place to live,

---

[6] On October 13, 2010, Magistrate Judge Hluchaniuk entered an order (Doc. Ent. 31) denying plaintiff's March 29, 2010 motion for appointment of counsel (Doc. Ent. 3) without prejudice.
  On January 19, 2011, Magistrate Judge Hluchaniuk entered an order (Doc. Ent. 58) denying plaintiffs' January 6, 2011 second motion for appointment of counsel (Doc. Ent. 48) without prejudice.

[7] However, he later states that one facility has law library services "by 'kite' only." Doc. Ent. 189 at 7 ¶ 7.

the same lifestyle that was ripped [up from] under [him]." Doc. Ent. 184 at 5. Specifically, plaintiff Searcy mentions Socia's actions following his September 25, 2012 positive urine sample[8] and the November 14, 2012 sexually related accusation against him by a female client. Doc. Ent. 184 at 2-4.[9]

To be sure, Searcy contends that his "eyesight is going bad and he has lost all of his belongings including these Court documents pertaining to this case." Doc. Ent. 184 at 4. However, examining the docket in this case, I note that plaintiff has filed sixteen (16) matters since his December 3, 2012 motion to appoint counsel (Doc. Ent. 184), including three (3) notices of change of address/contact information (Doc. Entries 186, 188 and 207), five (5) motions (Doc. Entries 189, 190, 192, 218 and 225), three (3) responses (Doc. Entries 217, 220 and 221), two (2) replies (Doc. Entries 195 and 200), an objection (Doc. Ent. 202), a certificate of service (Doc. Ent. 224) and a sur-reply (Doc. Ent. 226).

Upon consideration, plaintiff Searcy's December 3, 2012 motion to appoint counsel (Doc. Ent. 184) is denied. This denial is without prejudice to plaintiff renewing his request if this case survives dispositive motion practice, proceeds to trial and/or if other circumstances warranting the appointment of counsel arise.

---

[8]Plaintiff Searcy claims that, as the result of his positive urine test, Socia took excessive and drastic measures. First, plaintiff alleges, Socia sent him to MCJ. From there, he was sent to prison, then to Ingham County Jail (ICJ), then to the Salvation Army Harbor Light. It is plaintiff's position that he "was given all of this time, transferred numerous times, lost his job, his home, everything in his home, personal and irreplaceable property and all of his Court documents for submitting one (1) positive urine sample." Doc. Ent. 184 at 3.

[9]According to plaintiff Searcy, "Socia was/is re[l]entless in trying to prove what the criminal justice system could not." Plaintiff claims he is "sitting in some jail, doing nothing because the MDOC has not organized any aspect of these programs, which plaintiff is not eligible for anyway." Doc. Ent. 184 at 4.

**2.      On January 7, 2013, while incarcerated at RGC, plaintiff filed a motion to continue and proceed.  Doc. Ent. 189.**

**a.**      In his January 7, 2013 motion to continue and proceed (Doc. Ent. 189), plaintiff describes events which have allegedly taken place since my September 7, 2012 order (Doc. Ent. 167) granting plaintiff's August 20, 2012 motion for an enlargement of time to file responses (Doc. Ent. 164).  Perhaps referring to the Court's response to plaintiff's December 21, 2012 request for a docket sheet (Doc. Ent. 188), plaintiff claims the docket sheet he received on December 28, 2012 was the first document he had received from the Court since my September 7, 2012 order (Doc. Ent. 167), which required Searcy to file responses by October 31, 2012.  Doc. Ent. 189 at 1; *see also* Doc. Ent. 189 at 6 ¶ 3.[10]

Plaintiff claims there is "good cause as to why this case should proceed."  First, plaintiff Searcy acknowledges the notice regarding parties' responsibility to notify court of address change (Doc. Ent. 15) and points out that he has filed several notices of change of address/contact information (Doc. Entries 170, 173, 176 & 186).  Next, Searcy notes that the copies of the Court's October 24, 2012 and November 26, 2012 orders (Doc. Entries 172 and 181) sent to plaintiff Searcy were returned to the Court as undeliverable (Doc. Entries 175 and 187).  Further, plaintiff claims that, even if he had received these orders, the facilities at which he was residing offered "absolutely no law library services, except for one which offered these services in 'kite' form only."  Doc. Ent. 189 at 2.

---

[10]In this time, the Court issued its October 24, 2012 order (Doc. Ent. 172) granting in part plaintiff Searcy's October 18, 2012 motion for enlargement of time (Doc. Ent. 169) and its November 26, 2012 order (Doc. Ent. 181) denying plaintiff Searcy's November 9, 2012 motion to hold case in abeyance (Doc. Ent. 177).

Additionally, plaintiff claims he "did not have any of [the] Court[']s prior order[s] or pleadings in his possession, not even the [September 7, 2012] order to respond by [October 31, 2012][,] nor did [he] have any of the defendants['] responses." Doc. Ent. 189 at 2. Apparently referring to his September 25, 2012 re-incarceration, Searcy claims he was evicted from his residence during December 2012 and "lost absolutely everything that he owned, including all Court documents pertaining to this case." Doc. Ent. 189 at 3; *see also* Doc. Ent. 189 at 7 ¶ 10.[11] Based on his actions since his February 29, 2012 parole, plaintiff does not understand why he was punished so harshly and excessively for his September 2012 violation. Doc. Ent. 189 at 3.

Also, plaintiff expresses concern that he may have said too much in his November 9, 2012 motion to hold case in abeyance (Doc. Ent. 177) and "caused this Court to conclude or perc[ei]ve plaintiff to be 'shifting' blame." According to plaintiff Searcy, he has been responsible, has obeyed this Court's orders and has been honest. Doc. Ent. 189 at 3-4.

Accompanying plaintiff's motion to continue and proceed (Doc. Ent. 189 at 1-5) is plaintiff's affidavit of truth (Doc. Ent. 189 at 6-8). Therein, plaintiff Searcy takes issue with the access to a law library. Doc. Ent. 189 at 7 ¶¶ 6-8. Plaintiff claims that, since September 25, 2012 - about the time he apparently had a positive urine test which resulted in his re-incarceration - he has not had any of this Court's orders or documents or defendants' documents in his presence. Doc. Ent. 189 at 7 ¶¶ 9, 11-12. Perhaps referring to the aforementioned Nurse Phyllis, plaintiff claims that he "did meet a person that was an employee at the [MCJ] during the time [he] was a resident, that has specific information relating to this case." Doc. Ent. 189 at 8 ¶

---

[11] According to plaintiff Searcy, this eviction "was not due to [his] inability or irresponsibility to pay[.]" Doc. Ent. 189 at 7 ¶ 10.

9

15. Plaintiff appears to allege that the investigation of this witness was a basis for his November 9, 2012 motion to hold case in abeyance (Doc. Ent. 177). Doc. Ent. 189 at 4.

**b.** Defendants MCJ and Hackel filed a response on January 10, 2013. Doc. Ent. 191. Therein, they contend that plaintiff Searcy "has failed to respond to Defendants' [August 15, 2012] motion to dismiss [Doc. Ent. 163] or otherwise comply with the [C]ourt's [October 24, 2012] order [Doc. Ent. 172] mandating such response no later than November 30, 201[2]." Doc. Ent. 191 at 3 ¶ 14.

**c.** Defendants CMS and Watkins filed a response on January 23, 2013. Doc. Ent. 194. They request that the Court "deny Plaintiff's motion [Doc. Ent. 189] and make a determination with respect to their [July 18, 2012] motion to dismiss [Doc. Ent. 156]." Doc. Ent. 194 at 2, 7.

**d.** Plaintiff filed a reply on January 22, 2013, while he was still incarcerated at RGC. Doc. Ent. 195. Among other things, plaintiff explains that he was incarcerated at the MCJ from September 25, 2012 to October 2, 2012; at RGC from October 2, 2012 to October 11, 2012; at ICJ from October 11, 2012 to November 5, 2012; at Salvation Arm Harbor Light from November 5, 2012 to November 15, 2012; at MCJ from November 15, 2012 to November 21, 2012; at Ryan Correctional Facility (RRF) / Detroit Reentry Center (PRF) from November 21, 2012 to December 19, 2012; and at RGC from December 19, 2012 until, presumably, his February 22, 2013 transfer to ARF. Doc. Ent. 195 at 2-3, Doc. Ent. 207.

Plaintiff takes issue with the adequacy of these institutions' law libraries, assuming the correctional facility has one, and/or his ability to access them. Doc. Ent. 195 at 2-3. According to plaintiff, he has not had freedom of movement since September 25, 2012 - the date on which his urine test was positive. Doc. Ent. 194 at 3; *see also* Doc. Ent. 184, Doc. Ent. 189. Plaintiff

Searcy claims that the witness he was investigating "is an employee at one of the facilities [in which] plaintiff was temporarily residing[.]" Doc. Ent. 195 at 3-4.

Plaintiff asserts that he "is doing the best he can possibly do to keep this Court informed of his address changes and other circumstances that [are] impeding his progress in this case." Doc. Ent. 195 at 5. In the end, plaintiff states:

> Defendants know that plaintiff cannot respond at this time. Additionally, they are fully aware that plaintiff doesn't even have the documents to respond, nor access to a law library. Plaintiff cannot suggest a time frame to respond until after this Court rules on [his] motion concerning receiving requested documents and his transfer to a facility that allows access to the law library or motion ordering the MDOC to allow this plaintiff law library access.

Doc. Ent. 195 at 6.

**e.** By its November 26, 2012 order, this Court extended the November 30, 2012 response deadline to December 14, 2012 and stated that no further extensions would be granted. Doc. Ent. 181 at 5.[12] I entered reports and recommendations on January 17, 2013 (Doc. Ent. 193), January 24, 2013 (Doc. Ent. 196) and February 1, 2013 (Doc. Ent. 197). In the meantime, plaintiff filed his January 22, 2013 reply (Doc. Ent. 195) to defendants Hackel and MCJ's January 10, 2013 response (Doc. Ent. 191) to plaintiff's January 7, 2013 motion to continue and proceed (Doc. Ent. 189); his February 4, 2013 reply (Doc. Ent. 200) to my January 24, 2013 report and recommendation (Doc. Ent. 196); his February 13, 2013 objection (Doc. Ent. 202) to my February 1, 2013 report and recommendation (Doc. Ent. 197); and his February 27, 2013 notice of change of address/contact information (Doc. Ent. 207). Then, on March 26, 2013, this Court entered an order (Doc. Ent. 208) accepting the reports and recommendations (Doc. Entries

---

[12]As noted above, the copy of this order sent to plaintiff Searcy at Salvation Army Harbor Light was returned to the Court as undeliverable. Doc. Ent. 187.

11

193, 196 & 197), granting in part plaintiff's motion to dismiss (Doc. Ent. 150), and granting defendants' motions to dismiss (Doc. Entries 156 and 163).

Thus, to the extent plaintiff Searcy's January 7, 2013 motion to continue and proceed (Doc. Ent. 189) was meant as a motion to extend his time to file responses to the then-pending motions to dismiss (Doc. Entries 156 and 163) OR to the extent it was meant as a request to deny those motions,[13] plaintiff's January 7, 2013 motion to continue and proceed (Doc. Ent. 189) is denied. Even if plaintiff did not receive the Court's November 26, 2012 order setting the final extension of time to respond to December 14, 2012 (Doc. Ent. 181), plaintiff responded to my January 24, 2013 and February 1, 2013 reports and recommendations (Doc. Entries 196 and 197) by way of his February 4, 2013 and February 13, 2013 filings (Doc. Entries 200 and 202). Thereafter, Judge Hood entered the March 26, 2013 order (Doc. Ent. 208) which, among other things, granted defendants' dispositive motions (Doc. Entries 156 and 163).

**3.     On January 7, 2013, apparently while incarcerated at RGC, plaintiff filed a motion to obtain court documents. Doc. Ent. 190.** Plaintiff seeks certain documents "in order for [him] to continue and proceed in this matter." Doc. Ent. 190 at 1.[14] Specifically, plaintiff refers to his January 7, 2013 motion to continue and proceed (Doc. Ent. 189) and requests copies of the following eighteen (18) filings: Doc. Entries 14, 49, 78, 94, 103, 104, 110, 145, 146, 149, 156,

---

[13] Plaintiff requests "to be heard and have his day in Court." Doc. Ent. 189 at 4.

[14] In his affidavit of truth, plaintiff attests that he needs "copies of 'specific' documents in order to continue and proceed." Doc. Ent. 189 at 8 ¶ 18.

159, 160, 163, 165, 166, 181 and 187. Also, plaintiff requests copies of any other documents the Court deems necessary that are dated after December 10, 2012.[15] *See* Doc. Ent. 190 at 2.

Upon consideration, plaintiff Searcy's January 7, 2013 motion to obtain court documents (Doc. Ent. 190) is denied without prejudice to renewal in the following form: Plaintiff should mail his request for copies of court documents to the Clerk's Office, Attention: Intake, 231 W. Lafayette, Detroit, MI 48226. The Clerk's Office will then prepare an invoice setting forth the cost of plaintiff's request. The cost will be 50 cents per page, and there will be a $30 service fee. The request will be fulfilled once the Clerk's Office receives payment.

**4.** On or about December 20, 2012, plaintiff wrote correspondence in which he seemingly requested access to the law library due to a pending case of his. By a memorandum dated December 26, 2012, RGC Administrative Assistant J. Rudolph referred to the RGC Prisoner guidebook, noting that "prisoners in RGC have access to the Law Library by requesting a *Segregation Law Library Request* form[[16]] from the officer's desk or the Law Library[,]" and

---

[15]As noted above, on December 3, 2013, plaintiff Searcy informed the Court that his address had changed to Ryan Correctional Facility. *See* Doc. Ent. 186. On December 10, 2012, the copy of my November 26, 2012 order (Doc. Ent. 181) sent to plaintiff at Salvation Army Harbor Light was returned to the Court as undeliverable. *See* Doc. Ent. 187.

[16]The MDOC has policy directives which concern libraries. *See* MDOC PD 05.03.114 (Institutional Library Services), effective November 1, 2010, and MDOC PD 05.03.115 (Law Libraries), effective November 1, 2010. In part, the law library policy provides: "Prisoners in segregation shall not be allowed to go to the main law library; instead, the prisoners shall be allowed to receive upon request at least five items at one time from the required main law library collection at least three days each week. The **Segregation Law Library Request Form (CSJ-601)** shall be used for this purpose. Requested items shall be delivered to the prisoner on the next day that scheduled service is provided to the housing unit after receipt of the request unless the item has been loaned to another prisoner. Copies of specifically identified items (e.g., a court case) may be provided in lieu of providing an entire volume. A prisoner shall be allowed to keep requested items, or copies provided in lieu of the requested items, for at least 24 hours." MDOC PD 05.03.115, effective November 1, 2010, ¶ R (emphasis added).

A copy of a blank **Segregation Law Library Request Form (CSJ-601)** is attached to

explaining that, after completing the form and placing it in the mailbox, "Law Library staff [would] deliver and pick up loaned material three times a week on Monday, Wednesday, and Friday." *See* Doc. Ent. 192 at 3.

**On January 10, 2013, while incarcerated at RGC, Searcy filed a motion to order the MDOC to provide him with law library access. Doc. Ent. 192.** Referring to his December 20, 2012 request for law library services at RGC, plaintiff claims, among other things, that he "needs access to the Fed. R. Civ. P., reference books and other federal case law so that he can properly study and provide a response[,]" presumably to the then-pending August 15, 2012 motion to dismiss (Doc. Ent. 163) and July 18, 2012 motion to dismiss (Doc. Ent. 156). Plaintiff also contends that he is having a hard time obtaining copies. *See* Doc. Ent. 192 at 1-2.

In his January 22, 2013 filing, plaintiff contends that he does not have adequate access to a law library. For example, plaintiff claims that, when he asked for the Federal Rules of Civil Procedure, he received the two-page Fed. R. Civ. P. *Table of Rules* (Doc. Ent. 195 at 7-8). When he requested Rules 10, 12 and 61, plaintiff claims, he received Forms 10, 12 and 61 for the Complete Annotation Materials, see Title 28 U.S.C.A. (Doc. Ent. 195 at 9-10). Doc. Ent. 195 at 1.

Upon consideration, plaintiff Searcy's January 10, 2013 motion to order the MDOC to provide him with law library access is denied as moot. When plaintiff Searcy filed this motion, he was incarcerated at RGC in Jackson, Michigan. As noted above, plaintiff Searcy is currently confined at the MDOC's Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. According to the MDOC's website (www.michigan.gov/corrections), programming at ARF

---

Searcy's January 7, 2013 filing. Doc. Ent. 189 at 9.

includes "general and law library services[.]" Furthermore, since being transferred to ARF, plaintiff has filed a response (Doc. Ent. 217) to the pending motion to dismiss (Doc. Ent. 214); a motion for leave to file an amended complaint (Doc. Ent. 218); a reply (Doc. Ent. 220) to Macomb County's response (Doc. Ent. 219); a response (Doc. Ent. 221) to the pending motion for summary judgment (Doc. Ent. 209); a certificate of service (Doc. Ent. 224); a motion to order Macomb County to answer plaintiff's complaint (Doc. Ent. 225); and a sur-reply (Doc. Ent. 226).

## II.   ORDER

Accordingly **(a)** plaintiff's December 3, 2012 motion for appointment of counsel (Doc. Ent. 184) is DENIED WITHOUT PREJUDICE to renewal if this case survives dispositive motion practice, proceeds to trial and/or if other circumstances warranting the appointment of counsel arise; **(b)** plaintiff's January 7, 2013 motion to continue and proceed (Doc. Ent. 189) is DENIED; **(c)** plaintiff's January 7, 2013 motion to obtain court documents (Doc. Ent. 190) is DENIED WITHOUT PREJUDICE to renewal in the manner described above; and **(d)** plaintiff's January 10, 2013 motion to order the MDOC to provide him with law library access (Doc. Ent. 192) is DENIED AS MOOT.[17]

---

[17] Also pending before the Court are **(a)** Aramark's April 2, 2013 motion for summary judgment (Doc. Ent. 209), regarding which plaintiff has filed a May 22, 2013 response (Doc. Ent. 221), Aramark has filed a June 4, 2013 reply (Doc. Ent. 222) and plaintiff has filed a June 13, 2013 sur-reply (Doc. Ent. 226); **(b)** Macomb County's April 8, 2013 motion (Doc. Ent. 214) to dismiss, regarding which plaintiff filed an April 12, 2013 response (Doc. Ent. 217); **(c)** plaintiff's April 22, 2013 motion (Doc. Ent. 218) for leave to file an amended complaint, regarding which Macomb County filed a response on April 26, 2013 (Doc. Ent. 219), and plaintiff filed a reply on May 6, 2013 (Doc. Ent. 220); and **(d)** plaintiff's June 6, 2013 motion (Doc. Ent. 225) for an order requiring defendant Macomb County to file an answer.

These motions will be addressed under separate cover.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
|  | s/ Paul J. Komives |
|  | PAUL J. KOMIVES |
| Dated: June 18, 2013 | UNITED STATES MAGISTRATE JUDGE |

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Lavelle Searcy and Counsel of Record on this date.

Dated: June 18, 2013          s/ Lisa C. Bartlett
                              Case Manager