UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE W. SEARCY,

      Plaintiff,

v.

      CASE NO. 2:10-CV-11242-DT
      JUDGE DENISE PAGE HOOD
      MAGISTRATE JUDGE PAUL KOMIVES

MACOMB COUNTY JAIL, et al.,

      Defendants.
      _____/

**REPORT AND RECOMMENDATION ON DEFENDANT COUNTY OF MACOMB'S MOTION TO DISMISS (docket #214); PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (docket #218); and PLAINTIFF'S MOTION TO ORDER DEFENDANT MACOMB COUNTY TO ANSWER PLAINTIFF'S COMPLAINT (docket #225)**

I.    RECOMMENDATION: The Court should deny Macomb County's motion to dismiss, deny as moot plaintiff's motions for leave to amend and for an order requiring Macomb County to answer the complaint, and direct the Marshal to serve plaintiff's amended complaint on Macomb County.

II.    REPORT:

A.    *Procedural Background*

Plaintiff, along with four other current or former inmates at the Macomb County Jail, commenced this action on March 29, 2010, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiffs filed an amended complaint on July 28, 2010. Generally, plaintiffs allege that the kitchen at the Jail was closed due to the presence of black mold, to which they were exposed. They also allege that they were forced to eat bagged meals for over a year, which caused various health problems, and that they received inadequate medical attention. The amended complaint is captioned as being brought against "Macomb County Jail, Sheriff Mark A. Hackel, and Aramak

1

Corporation, et al.," but does not separately list the defendants. Plaintiff Searcy filed a second amended complaint on June 28, 2012. Through a series of orders, the plaintiffs other than plaintiff Searcy have been dismissed from this action, as have the claims against all defendants other than Aramark Corporation and Macomb County.

The matter is currently before the Court on three related motions filed by plaintiff and defendant Macomb County.[1] By way of background relevant to these motions: On January 24, 2013, I filed a Report and Recommendation addressing the motion to dismiss filed by defendants Hackel and Macomb County Jail. With respect to defendant Macomb County Jail, I concluded that the Jail was entitled to dismissal because it was not an entity capable of being sued under § 1983. *See* R&R, dated 1/24/13, at 13. I further considered, however, whether plaintiff had stated a claim against Macomb County, construing plaintiff's *pro se* complaint liberally as having intended to name the County itself as a defendant. I concluded that plaintiff's complaint had arguably stated a claim against Macomb County, *see id*. at 14-16. On March 26, 2013, the Court entered an Order adopting my Report. That Order explicitly directed the Clerk to "ADD Macomb County as a defendant in this matter." Order, dated 3/26/13, at 5.

Shortly thereafter, on April 8, 2013, defendant Macomb County filed its motion to dismiss, making a special appearance for the limited purpose of contesting jurisdiction. In its motion, the County argues that although it was added as a party by the Court, it has not been served with a summons and complaint. Effecting service on it now would be futile, the County argues, because the statute of limitations period has run. Plaintiff filed a response to this motion on April 12, 2013, and an affidavit in support of his response on June 19, 2013. Plaintiff also filed, on April 22, 2013, the

---

[1] Also pending before the Court is defendant Aramark's motion for summary judgment. This motion is addressed in a separate Report and Recommendation filed on this date.

second motion before the Court, a motion to amend the complaint to explicitly add Macomb County as a defendant. The substantive allegations of the proposed amended complaint are the same as the allegations of his previously filed amended complaint. Macomb County filed a response to this motion on April 26, 2013, in which it reiterates that amendment would be futile because the County has not properly been served with process and the applicable limitations period has run. Plaintiff filed a reply on May 6, 2013. Finally, on June 6, 2013, plaintiff filed a motion for an order directing Macomb County to answer his complaint.

B.   *Analysis*

At the outset, it must be noted that there was nothing improper in the Court's substitution of Macomb County as a defendant in place of the named defendant Macomb County Jail. Although neither I nor the Court cited the rule explicitly, Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion by any party or of its own initiative at any stage of the action and on such terms as are just." FED. R. CIV. P. 21. Under this provision, courts regularly substitute municipalities as real parties in interest when a *pro se* plaintiff improperly names an entity not subject to suit, such as a jail or police department. *See, e.g.*, *In re Dayton*, 786 F. Supp. 2d 809, 819 (S.D.N.Y. 2011) (while courts routinely dismiss municipal departments as defendants where both the department and the municipality have been named, "court also have substituted the municipality where only the department had originally been named."); *see also*, *Williams v. Northfield Police Dep't*, No. 09-6192, 2010 WL 2802229, at *4 n.1 (D.N.J. July 14, 2010); *Mahan v. Huber*, No. 09-cv-00098, 2010 WL 749810, at *4 (D. Colo. Mar. 2, 2010); *Pierzynowski v. Police Dep't City of Detroit*, 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996) (Gadola, J.); *cf. Brandon v. Holt*, 469 U.S. 464, 469-71 (1985); *Haverstick Enterprised, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994) ("A suit against a city police department in Michigan is one against the city itself,

3

because the city is the real party in interest"). Thus, the Court acted properly in adding Macomb County as a defendant. The question raised by the parties' motions, therefore, is whether plaintiff was still required to serve Macomb County with a summons and complaint and, if so, whether he is now barred by the statute of limitations from doing so.

Rule 21 does not speak to these issues, and I have been unable to find any case addressing these matters. Assuming, however, as does the County, that Rule 15 (governing amendments of the pleadings) applies in this situation, plaintiff's claims against the County relate back to the filing of the original complaint, and thus are timely. Rule 15(c) provides, in relevant part, that:

> An amendment to a pleading relates back to the date of the original pleading when:
> \* \* \* \*
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1). "Distilled, [Rule 15(c)(1)(C)] establishes four elements: (1) the amendment changes the party or the naming of the party against whom a claim is asserted; (2) Rule 15(c)(1)(B) is satisfied, meaning that the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; (3) within 120 days from the filing of the original complaint, the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits; and (4) within 120 days from the filing of the original complaint, the party to be brought in by amendment knew or should

4

have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Telesaurus VPC, LLC v. Power*, No. 07-1311, 2011 WL 5024239, at *2 (D. Ariz. Oct. 21, 2011).

Here, there is no question that the first two requirements of Rule 15(c)(1)(C) are met. The "amendment,"–*i.e.*, substitution by the Court–changed the party against whom plaintiff's claim is asserted from Macomb County Jail to Macomb County. Further, plaintiff's claims against the County are identical to his claims against the Jail, and thus arise out of the same transaction or occurrence. Thus, the only question is whether the County itself had notice of the action and knew or should have known that plaintiff's action would have been against it but for his mistake in naming the Jail within 120 days of the filing of the complaint.[2] Here, there is no question that within the time for service of the complaint the County itself had notice of the suit and should have known that it would have been named but for plaintiff's error in naming the Jail. The complaint was served by the Marshal on the County Jail, an agency of the County itself, and the County's corporation counsel filed an appearance on behalf of the Jail. Corporation counsel likewise represents the County in the instant motions. Further, in light of the clear law on this issue and the Jail's own affirmative defense pleaded in its answer, the County was, or should have been, well aware that the Jail was improperly named as a party and that the real party was the County itself. In these circumstances, plaintiff's claims against the County relate back to the date of the filing of his complaint, and thus are timely. *See Anderson v. City of West Bend Police Dep't*, 774 F. Supp. 2d 925, 935-36 (E.D. Wis. 2011); *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 130-31 (D.R.I. 2004); *Foster v. Unknown Cook*

---

[2]Plaintiff's own knowledge, or lack thereof, is irrelevant to this inquiry. "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleadings." *Krupski v. Costa Crociero S.p.A.*, 560 U.S. 538, 541 (2010).

*County Deputy Sheriff*, 914 F. Supp. 221, 224 N.D. Ill. 1995).[3]

Because the County has already been added as a party, plaintiff's motion for leave to amend to add the County is moot. And because plaintiff's claims against the County relate back to the filing of his original complaint, the County is not entitled to dismissal of the claims. For the sake of thoroughness, however, the Court should direct the Marshal to effect service of plaintiff's June 28, 2012, amended complaint on Macomb County. The service of the complaint will trigger Macomb County's obligation to answer the complaint under Rule 12, thus mooting plaintiff's request for an order requiring Macomb County to answer the complaint.

C.   *Conclusion*

In view of the foregoing, the Court should conclude that Macomb County is a proper defendant, and that plaintiff's claims against the County are timely because they relate back to the filing of plaintiff's original complaint under Rule 15(c)(1)(C). If the Court agrees with this conclusion, the Court should deny Macomb County's motion to dismiss, deny as moot plaintiff's motions to amend and for an order requiring the County to answer the complaint, and should direct the Marshal to serve plaintiff's amended complaint on the County. Following service by the Marshal,

---

[3]Although it appears that the Jail may not have been served within 120 days, the ordinary time for service under Rule 4(m), this does not change the analysis. Rule 15(c)(1)(C) merely requires that the County have notice within the time for service under Rule 4(m), not that the County have notice within 120 days. "[G]iven Plaintiff's pro se status and this Court's grant of Plaintiff's Motion for Service, . . . . the period of time under Rule 15(c)(3) during which the [County] must have received notice of this action was extended, as provided for in Rule 4(m), until . . . the date that the United States Marshal served the [Jail]." *Lacedra*, 334 F. Supp. 2d at 130. And in any event, "[f]or a prisoner litigant, who must await a court decision allowing his case to proceed and who must rely on court officials to issue and serve process, the 120-day period generally begins when the court authorizes the issuance of the summons and service of the complaint." *Lee v. State Patrol Office*, No. 1:12-CV-3041, 2014 WL 221170 (N.D. Ga. Jan. 21, 2014) (internal quotation omitted) (citing cases). Here, the Court ordered the Marshal to serve the defendants on October 15, 2010, and the Jail had filed its answer by January 14, 2011, well within the 120 period provided for in Rule 4(m).

the County's duty to answer or otherwise respond to the complaint will be governed by FED. R. CIV. P. 12.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: February 12, 2014                    s/Paul J. Komives
                                            PAUL J. KOMIVES
                                            UNITED STATES MAGISTRATE JUDGE

7

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 12, 2014.

                                              s/ Kay Doaks
                                              Case Manager