UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY, *et al.*,
        Plaintiffs,        Civil Action No.: 10-11242
                                     Honorable Denise Page Hood
v.                                Magistrate Judge Elizabeth A. Stafford

MACOMB COUNTY JAIL,
*et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR RELIEF [247] AND DEFENDANT MACOMB COUNTY'S MOTION TO DISMISS [254]

**I.   INTRODUCTION**

Plaintiff LaVelle Searcy's amended complaint alleges violations of his First, Eighth and Fourteenth Amendment rights arising out of claims of poor prison conditions. Presently before the Court are Searcy's motion to either grant the relief sought in his amended complaint or to direct Macomb County to answer the complaint [247], and Macomb County's motion to dismiss (in lieu of a responsive pleading) [254]. In light of the County's motion, Searcy's motion should be denied as moot. The Court further recommends that the law-of-the-case doctrine should be invoked to deny Macomb County's motion to dismiss.

## II. BACKGROUND

This case has a long history, the bulk of which it is unnecessary to recount for purposes of the instant motions. Although the case began with several plaintiffs and several defendants, the only parties remaining are Searcy and Macomb County. Searcy sues for compensatory damages[1] due to alleged poor prison conditions at Macomb County Jail (MCJ), including the presence of black mold and E. coli; inadequate ventilation, heating, and ventilation; the lack of freedom to practice Judaism; nutritionally inadequate food; inadequate medical services, fire protection and grievance procedures; and an inadequate law library to which Searcy was often prevented access.

Searcy named the MCJ as a defendant in his amended complaint. However, in a January 24, 2013 Report and Recommendation, Judge Komives construed Searcy's amended complaint as stating a claim for municipal liability against Macomb County, as the MCJ is not an entity amenable to suit under 28 U.S.C. § 1983. [196, Pg. ID 948-50]. As a result, Judge Komives recommended that Macomb County be added as a party and served with process. *Id.* District Judge Denise Page Hood

---

[1] Judge Komives found that Searcy's request for injunctive relief was moot since he was no longer housed in MCJ, and District Judge Denise Page Hood adopted Judge Komives's report and recommendation in its entirety. [196, Pg ID 953; 208, Pg ID 1047].

2

adopted that recommendation and ordered the Court Clerk to add Macomb County as a defendant in this matter. [208, Pg ID 1051].

On October 9, 2014, Searcy moved to grant the relief sought by his complaint against the County or, in the alternative, to compel the County to answer his complaint. [247]. The County responded that it still had not been served. [250]. Service of process was subsequently effected and the County filed the pending motion to dismiss, in lieu of a responsive pleading, arguing that Searcy has failed to state a claim for municipal liability upon which relief can be granted. [252, 254].

### III. ANALYSIS

#### A. Searcy's Motion for Relief

Searcy's motion for relief was premised upon his belief that the delay in Macomb County's response to his complaint was due to its own inaction. However, Macomb County pointed out that it had not yet been served as of the date of Searcy's motion, despite the Court ordering service upon the County in March 2014. Macomb County was served shortly after Searcy's motion was filed and it moved to dismiss Searcy's complaint. Therefore, Searcy's motion for relief should be denied as moot.

#### B. Macomb County's Motion to Dismiss

Macomb County moves to dismiss Searcy's complaint, arguing that

his claims against the County of inhumane jail conditions do not state a claim upon which relief can be granted. The County argues that Searcy "fails utterly to allege the existence of or otherwise identify a constitutionally offensive County policy or practice causally tethered to the various deprivations he alleges." [254, Pg ID 1561].

It is true that in order to plead an official capacity claim against a municipality, a plaintiff must plead facts showing that the entity's official policies or customs were the "moving force" behind the constitutional deprivation at issue. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). However, Judge Komives found that Searcy's "amended complaint . . . set forth 'a deliberate choice to follow a course of action [which was] made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." [196, Pg ID 950 (*quoting Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)]. Judge Hood adopted this finding. [208, Pg ID 1047]. Macomb County does not mention this prior decision, let alone argue why it should now be reconsidered.

Under these circumstances, the law-of-the-case doctrine should be invoked, and Macomb County's motion to dismiss should be denied. The law-of-the-case doctrine does not rigidly bar reconsideration of an earlier

4

decision by the same or a coordinate court. *United States v. Dunbar*, 357 F.3d 582, 592-93 (6th Cir. 2004). But, the discretion to revisit earlier rulings should be "'exercised very sparingly, and only under extraordinary conditions.'" *In re Kenneth Allen Knight Trust*, 303 F.3d 671, 678, 677 (6th Cir. 2002) (quoting *Gen. Am. Life Ins. Co. v. Anderson*, 156 F.2d 615, 619 (6th Cir. 1946)). The extraordinary conditions that warrant reconsideration are: (1) newly discovered evidence that bears on the question; (2) a material change in controlling law; or (3) where the earlier decision was clearly erroneous and would cause a manifest injustice. *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).

Here, Macomb County does not address Judge Komives's prior decision or argue that it should be reconsidered for any of the above-cited reasons. Thus, although the Court has the discretion to reconsider whether Searcy has pleaded sufficient facts to state a claim for municipal liability against Macomb County, the County has given it no extraordinary reason to do so. As a result, the Court recommends that Macomb County's motion to dismiss be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Macomb County's motion to dismiss **[254]** be DENIED, and that Searcy's motion to

grant relief **[247]** be **DENIED AS MOOT**.

| | |
|---|---|
| Dated: February 17, 2015<br>Detroit, Michigan | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after

6

service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2015.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager