UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY,
    Plaintiff,    Civil Action No.: 10-11242
              Honorable Denise Page Hood
v.             Magistrate Judge Elizabeth A. Stafford

MACOMB COUNTY JAIL, *et al.*,

    Defendant.
_____/

### ORDER DENYING MOTION TO APPOINT COUNSEL [269]

Plaintiff Lavelle Searcy, a prisoner proceeding *pro se*, moves for appointment of counsel. [269]. This is Searcy's fourth such motion, the previous three having been denied without prejudice. [3, 31, 48, 58, 184, 227]. Since this case's inception, all defendants have been dismissed but for recently added defendant Macomb County. [265]. Searcy's complaint alleges Eighth Amendment violations related to the conditions of his confinement.

Searcy again seeks appointment of counsel, alleging no new facts in support of his petition, only that he remains indigent, that his case involves complex issues and that he has limited access to the law library. [269, Pg. ID 1638]. He also alleges that he has attempted to contact attorneys, but has received no response. [*Id.*].

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Having reviewed Searcy's case filings to date, and considering the relevant factors, the Court finds that Searcy does not show exceptional circumstances meriting the appointment of counsel at this juncture. Despite his incarceration and lack of legal training, Searcy has adequately prosecuted this case for the past five years. Further, Searcy identifies no specific difficulties he experiences due to his indigency or confinement with respect to participating in discovery or other aspects of this case. Indeed,

despite his confinement, he has managed to file easily more than one hundred motions and other documents to date in this case. For these reasons, Searcy's motion to appoint counsel **[269]** is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: April 16, 2015  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager