UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY, *et al.*,

        Plaintiffs,        Civil Action No.: 10-11242
                                    Honorable Denise Page Hood
v.                           Magistrate Judge Elizabeth A. Stafford

MACOMB COUNTY JAIL,
*et al.*,

        Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE [R. 277]

On June 1, 2015, this Court entered an order granting Defendant Macomb County's motion to take Plaintiff Lavelle Searcy's deposition pursuant to Federal Rule of Civil Procedure 30(a)(2). [R. 273]. On June 16, 2015, Searcy objected to the Order, arguing that he had not received the County's motion and, although he was not necessarily objecting to the deposition itself, (scheduled for June 19, 2015), he wanted to understand the content of the motion before agreeing to it. [R. 275]. No response to this objection was filed and to date the objection has not been ruled upon.

On June 29, 2015, Searcy moved to strike the June 19, 2015 deposition, arguing that the County should not have proceeded in the face

of his pending objections. [1]  He further notes that the Court has not yet

ruled upon his pending motion to compel (to which a response is not yet

due), inferring that because the County has arguably not complied with his

discovery demands, he could not prepare for his deposition and should not

have been obligated to attend at this juncture.  The Court denies Searcy's

motion to strike.

First, although Searcy objected to this Court's June 1 Order, under

the local rules of this District, the Order "remains in full force and effect"

and requires compliance therewith "unless and until" the objections to it are

sustained or the proceeding is stayed.  E.D. Mich. LR 72.2.  Since the

Court did not stay the deposition at any time prior thereto (Searcy's

objections being received by the Court three days prior to the deposition

date), he had no basis upon which to refuse the deposition on the date it

was to be conducted.[2]

Second, contrary to Searcy's argument, discovery is not a tit-for-tat

process.  *See Local Union No. 40 of the Int'l Ass'n of Bridge, Structural &*

---

[1] It is unclear whether the deposition went forward as scheduled on June
19, 2015.  Searcy claims that Defendants did appear at the prison for the
deposition, but the remainder of his motion suggests that he may have
objected to the deposition in its entirety and not answered questions.
[2] Even if the Court characterized the instant motion as one to stay the
deposition, it would nevertheless be denied as it fails to identify any
credible prejudice that would result from the deposition proceeding.

*Ornamental Iron Workers v. Car-Win Constr., Inc.*, No. 12-4854, 2015 U.S. Dist. LEXIS 19959, at *49, 2015 WL 690811 (S.D.N.Y. Jan. 21, 2015) *adopted by* ___ F. Supp. 3d ___, 2015 WL 690811 (S.D.N.Y. Feb. 18, 2015) (collecting cases).  Searcy is not entitled to refuse the deposition simply because he does not believe the County has been fully compliant with its own discovery obligations.

Further, Searcy's claim that his lack of discovery left him unprepared for the deposition falls flat.  Federal Rule of Civil Procedure 26(d) was intended "to eliminate any fixed priority in the sequence of discovery" and there is no requirement that all written discovery be completed prior to the commencement of depositions.  Fed. R. Civ. P. 26 Advisory Committee Notes to the 1970 Amendments.  Finally, Searcy fails to articulate how the discovery he has requested would be necessary for him to accurately answer the County's questions.  Therefore, his motion to strike **[R. 277]** is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 30, 2015                    s/Elizabeth A. Stafford
Detroit, Michigan                       ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
