UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

LAVELLE SEARCY, *et al.*,

                Plaintiffs,        Civil Action No.: 10-11242
                                      Honorable Denise Page Hood
v.                               Magistrate Judge Elizabeth A. Stafford

MACOMB COUNTY JAIL,
*et al.*,

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT MACOMB COUNTY'S MOTION FOR SUMMARY JUDGMENT [R. 282]

## I.    INTRODUCTION

Plaintiff LaVelle Searcy's amended complaint alleges violations of his constitutional rights while he was a pretrial detainee in Macomb County Jail (MCJ).[1] Defendant Macomb County moves for summary judgment.[2] [R. 282]. The Court finds that there are no genuine issues of material fact, and recommends that Macomb County's motion be **GRANTED**.

_____

[1] All dispositive matters have been referred to this Court for Report and Recommendation pursuant to 28 U.S.C. 636 (B)(1)(B).

[2] Defendant labeled its motion as a "Motion to Dismiss" [R. 282, PgID 1703], but the motion and brief in support cite to Federal Rule of Civil Procedure 56 and generally take the form of a motion for summary judgment.

## II.   BACKGROUND

Although this case began with several plaintiffs and several

defendants, the only parties remaining are Searcy and Macomb County.[3]

Searcy alleges municipal liability on the part of Macomb County due to the

conditions of MCJ, and sues for compensatory damages.[4]  Specifically,

Searcy's amended complaint alleges that, because of a black mold

infestation, prisoners were served food that was nutritionally inadequate.

[R. 149, PgID 654-57].  He claims that MCJ provided inadequate health

care, and sour water that tore up his skin.  [*Id.* at PgID 657-59].  The

complaint alleges "reports" of E-coli from unnamed sources, inadequate

ventilation, brutally cold housing, and inadequate fire detection and alarm

system.  [*Id.* at PgID 658-59].  Finally, Searcy claims that the grievance

system and law library were inadequate, and that he received retaliation in

the form of threats when he filed or expressed an intent to file complaints.

[*Id.*, PgID 659].

Macomb County moves for summary judgment, arguing that some

claims are barred by the doctrine of collateral estoppel and that Searcy has

failed to present evidence to show a genuine dispute as to any material

---

[3] The Court substituted Macomb County for Macomb County Jail, and
dismissed all other defendants.  [R. 196; R. 208; R. 246]
[4] Searcy's request for injunctive relief was dismissed as moot.  [R. 196,
PgID 953; R. 208, PgID 1047].

fact. The Court agrees that Searcy has failed to present evidence to support his claims and recommends that summary judgment be granted on that ground.

## III.   ANALYSIS

As an initial matter, Searcy's response to Macomb County's motion is inadequate because he rests on his pleadings without offering any evidentiary support.  [R. 285].  Although Macomb County mis-labeled its motion as one to dismiss, it explicitly cited Federal Rule of Civil Procedure 56 as the rule governing its motion.  [R. 282, PgID 1708].  Under Rule 56, if the movant satisfies its burden to show that there is no genuine dispute as to any material fact, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). The opposing party "may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion."  *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). "'The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id.* (quoting *Everson v.*

3

*Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

While the Court accords some leniency to pleadings drafted by *pro se* litigants, it "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). In other words, "the lenient treatment generally accorded to *pro se* litigants has limits," and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Searcy's response is replete with unsubstantiated factual allegations and legal conclusions, and he places undue weight on the early finding that his complaint stated plausible claims.  [R. 285].  As a result, he has failed to establish a genuine issue of material fact, as described more fully below.

### A. Conditions of Confinement

Since Searcy was a pretrial detainee, the Eighth Amendment protections did not apply to him, but he enjoyed the same protections under the Due Process Clause of the Fourteenth Amendment.  *Miller v. Calhoun*

4

*Cty.*, 408 F.3d 803, 812-13 (6th Cir. 2005).  Municipalities like Macomb County are considered "persons" who may be sued for constitutional violations under 42 U.S.C. § 1983.  *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978).  However, Macomb County may not be sued for injuries that were caused solely by its employees or agents. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Id.* at 694.  Of further import, Macomb County may not be held liable unless Searcy suffered a constitutional harm at the hands of its agents or employees.  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

If Searcy establishes that he suffered a constitutional harm, he must then provide evidence that an agent or employee of Macomb County "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Because Searcy's deliberate indifference claims pertain to general conditions of confinement, he must demonstrate both (1) an objective

5

component – that the deprivation was "sufficiently serious," resulting in a
"denial of the minimal civilized measures of life's necessities;" and (2) a
subjective component, which is that the prison official(s) responsible
possessed a "state of mind . . . of deliberate indifference to inmate health or
safety." *Spencer v. Bouchard*, 449 F.3d 721, 727-28 (6th Cir. 2006)
(internal quotations and citations omitted). Here, Searcy presents
insufficient evidence to support his claims pertaining to his conditions of
confinement.

With respect the black mold and E-coli, Searcy is required to show
that he was actually exposed to an unreasonably high level of these toxins.
*McIntyre v. Phillips*, No. CIV.A. 1:07-CV-527, 2007 WL 2986470, at *2
(W.D. Mich. Sept. 10, 2007). "'More than mere scientific and statistical
inquiry into the seriousness of the potential harm and the likelihood that
such injury to health will be caused by exposure' is necessary to establish
the objective component.'" *Id.* at 36 (quoting *Helling v. McKinney*, 509 U.S.
25, 36 (1993)).  Searcy provides no evidence that he was exposed to an
unreasonably high level of toxins or that prison officials were deliberately
indifferent to the risks posed by them.  In fact, he alleges that the black
mold had gone undetected due to "neglect," that jail staff served cold meals
once black mold was found in the kitchen, and that Macomb County spent

6

large sums for mold remediation. [R. 149, PgID 655-56; *see also* remediation contract [R. 282-6]. Thus, Searcy's own allegations suggest that officials at MCJ were merely negligent, and that they took steps to protect the inmates once the black mold was discovered.

A cold cell combined with a failure to provide blankets may give rise to an unconstitutional level of harm under some circumstances. *Wilson v. Seiter,* 501 U.S. 294, 304-05 (1991). Searcy alleges that jail officials knew that the jail was brutally cold and that officials could see that it was making him ill. However, even assuming that jail officials were deliberately indifferent to Searcy suffering brutal cold without sufficient bedding, he has presented no evidence that such actions were the result of Macomb County policy or custom.

Searcy has not alleged that he was harmed in any manner as a result of the alleged inadequate fire detection and alarm system, much less a constitutional harm.

With respect to claims of inadequate ventilation and sour water, "there is no allegation that Plaintiff has suffered more than ordinary discomfort, which does not rise to the level of an Eighth Amendment violation." *Taylor v. Luttrell*, No. 06-2522-AN/V, 2008 WL 4065927, at *9 (W.D. Tenn. Aug. 27, 2008). Searcy does allege that the water tore up his

7

skin, but the Court has already held that that complaint does amount to a serious medical issue.  [R. 197, PgID 973; R. 208].  Searcy's claim that he received nutritionally inadequate food has also already been rejected.  The Court granted summary judgment in favor of Defendant Aramark Corporation on that claim, finding that it was precluded by an earlier grant of summary judgment by the Honorable John Corbett O'Meara in a case that Searcy filed the same day as this one.  [R. 232, PgID 1385-86; R. 246]. These earlier decisions are the law of the case, and Searcy has presented no evidence to suggest that they should be reconsidered.  *United States v. Dunbar*, 357 F.3d 582, 592-93 (6th Cir. 2004); *In re Kenneth Allen Knight Trust*, 303 F.3d 671, 678, 677 (6th Cir. 2002).

For these reasons, summary judgment with respect to Searcy's claims regarding the conditions of his confinement should be granted.

### B. First Amendment Claim

Searcy claims that Macomb County violated his right to the free exercise of Judaism, in violation of the First Amendment.  He alleges that he "was not allowed to practice his own religious beliefs" and that "[t]he jail offered no books, services, advice, counseling or any other practice for Jewish prisoners." [R. 149, PgID 658].  Macomb County alleges that collateral estoppel bars this claim, based on the decision in the case before

8

Judge O'Meara. *Searcy v. Macomb County Jail, et al.*, No. 5:10-CV-11243
(E.D. Mich.).  A claim is barred by collateral estoppel if the following
elements are met: "(1) the precise issue raised in the present case must
have been raised and actually litigated in the prior proceeding; (2)
determination of the issue must have been necessary to the outcome of the
prior proceeding; (3) the prior proceeding must have resulted in a final
judgment on the merits, and; (4) the party against whom estoppel is sought
must have had a full and fair opportunity to litigate the issue in the prior
proceeding." *Schreiber v. Philips Display Components Co.*, 580 F.3d 355,
367 (6th Cir. 2009).

In the Judge O'Meara case, the court rejected Searcy's "conclusory"
claim that he was denied kosher meals because of an anti-Jewish
environment at the MCJ.  [No. 5:10-CV-11243, R. 52, PgID 309, adopted
by R. 325].  The court reasoned:

> "[H]e failed woefully to present any actual evidence he was
> wrongfully denied any kosher meals, let alone that there existed
> a policy or custom of animus towards Jewish inmates in
> general. Such conclusory, unsupported allegations of an anti-
> Jewish 'policy' do not satisfy Searcy's obligations under the

summary judgment standards discussed above."[5]

*Id.* Given the lack of evidence of a policy of custom, Eleventh Amendment immunity applied. *Id.*

Although there was a finding in the Judge O'Meara case that there was no policy or custom of animus toward Jewish inmates in general, it could be argued that that was not the precise issue raised by Searcy in that case. Rather, Searcy alleged that Aramark Corporation, which provided food service for MCJ, denied him kosher food and adequately prepared food. [See No. 5:10-CV-11243, R. 6 & R. 52, PgID 296-97].

Regardless, Searcy's first amendment claim here should be dismissed. The Court has an obligation under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to dismiss complaints *sua sponte* when they fail to state a claim, are frivolous, or seek monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). As in the case before Judge O'Meara, Searcy has not set forth any evidence to demonstrate that Macomb County had a policy of denying members of the

---

[5] Macomb County actually relied upon a different portion of the report and recommendation in the O'Meara case, which pertained to whether MCJ and its officials had valid grounds for questioning the sincerity of Searcy's religiosity when initially denying him kosher meals. [See R. 282, PdID 1710-1711, citing No. 5:10-CV-11243, R. 52, PgID 305]. However, the Court finds the issue there to be different than what is alleged in the complaint here, and that collateral estoppel does not apply.

Jewish faith the opportunity to practice their religion.  Moreover, "inmates do not have a First Amendment right to require the establishment of group religious services within a particular correctional facility." *Lefler v. McKee*, No. 1:10-CV-778, 2011 WL 3879481, at \*5-\*6 (W.D. Mich. Aug. 10, 2011) *report and recommendation adopted*, No. 1:10CV778, 2011 WL 3879519 (W.D. Mich. Sept. 2, 2011). *See also Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010), *Spies v. Voinovich*, 173 F.3d 398 (6th Cir. 1999), *Hall v. Tyszkiewicz*, 28 Fed.Appx. 493 (6th Cir. 2002). Likewise, there is no constitutional requirement that the jail keep a certain number of religious books in its library, so long as Searcy is not prohibited from acquiring such texts through other means. *Colvin*, at 292.  Since Searcy has failed to set forth evidence of a Macomb County policy or to prevent him from exercising religious rights, the County enjoys Eleventh Amendment immunity, and his First Amendment claim should be dismissed.

### C.    Adequacy of Grievance Procedure

Searcy argues that the jail has an inadequate grievance procedure. [R. 149, PgID 659].  However, "there is no inherent constitutional right to an effective prison grievance procedure," *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).

Searcy's allegations relating to the grievance procedure also suggest

11

a First Amendment retaliation claim because he alleges to have been

"targeted" and "threaten [*sic*] with being taken to segregation and/or moved

to a [*sic*] uncomfortable area of the jail" for "attempting to file a complaint."

[R. 149, PgID 659].  "A retaliation claim essentially entails three elements:

(1) the plaintiff engaged in protected conduct; (2) an adverse action was

taken against the plaintiff that would deter a person of ordinary firmness

from continuing to engage in that conduct; and (3) there is a causal

connection between elements one and two—that is, the adverse action was

motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X*

*v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

> In the context of trying to defeat the other party's motion for
> summary judgment, where a prisoner must satisfy a higher
> burden to avoid having a First Amendment retaliation claim
> dismissed than Hill has to satisfy at the present stage of the
> case at hand, this court noted that some evidence of retaliatory
> motive is required: '[C]onclusory allegations of retaliatory
> motive unsupported by material facts will not be sufficient to
> state a ... claim.'

*Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010) (quoting *Harbin–Bey*

*v. Rutter*, 420 F.3d 571, 580 (6th Cir.2005).

Searcy's provides no evidence of retaliatory motive for any alleged

adverse actions that he received from filing or attempting to file grievances.

His conclusory allegations are insufficient.  *Id.*

12

### D.    Adequacy of and Access to Law Library

Finally, Searcy claims that the law library materials are outdated and in poor condition, and that his access to the library was limited to once per week, or less. *Id.* His complaint can also be construed as claiming that the alleged rate of $0.35 per copy of materials is unreasonable. It is well-established that inmates have a "fundamental constitutional right of access to the courts" and that this can be satisfied either by "adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

An individual who claims that this right has been violated must – like any other claimant – have standing in order to bring a claim. The Supreme Court has ruled that standing in law library claims must be demonstrated with evidence of actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). "[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* Searcy has not alleged nor provided evidence that he was hindered in his efforts to pursue a legal claim as a result of the inadequacy or lack of access to the jail's law library. He alleges only that the complaint in this matter had to be written by hand, sent out, and typed by a third party.  He was not, however, hindered in filing the

13

complaint in this matter, so summary judgment of Searcy's claim regarding the allegedly inadequate access to a library should be granted.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING** Macomb County's motion for summary judgment **[282]**.


Dated: January 14, 2016                          s/Elizabeth A. Stafford
Detroit, Michigan                                ELIZABETH A. STAFFORD
                                                 United States Magistrate Judge


## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in

length and complexity to the objections**, but there is otherwise no page

limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's ECF
System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on January 14, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager